MRS. IDA C. HUNT v. MEYERS COMPANY, INCORPORATED.

(Filed 10 November, 1931.)

1. **Trial D a—On motion of nonsuit all the evidence is to be taken in light most favorable to the plaintiff.**

   Upon defendant's motion as of nonsuit all the evidence, whether offered by the plaintiff or elicited from defendant's witnesses, is to be taken in the light most favorable to the plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

2. **Negligence A c—Evidence of negligent condition of store held sufficient to be submitted to the jury.**

   Evidence that the plaintiff, a customer in defendant's store, stumbled over a stool left in the aisle of the store, and that the room was poorly lighted so that the plaintiff did not see the stool, is *held* sufficient under the circumstances of this case to be submitted to the jury on the question of the defendant's negligence.

3. **Appeal and Error J d—Where charge does not appear of record it is presumed correct.**

   Where the charge of the trial court is not set out in the record it is presumed that the court correctly charged the law applicable to the facts.

4. **Appeal and Error J e—Exclusion of evidence will not be held for reversible error where evidence of same import is admitted.**

   The exclusion of testimony on the trial will not be held for reversible error when testimony of substantially the same import has been admitted.

BROGDEN, J., dissenting.

STACY, C. J., concurs in dissent.

APPEAL by defendant from *Sink, J.*, and a jury, at April Special Term, 1931, of DAVIDSON. No error.

The evidence on the part of plaintiff was to the effect that about 12 July, 1929, she went to defendant's store to buy a raincoat and some shoes for her boy. That she was directed to the basement department, which was poorly lighted and dark, where the shoes were kept. That there was an aisle or passage way between the tables on which were shoes, and there was a stool between the tables. The stool could be moved around and was one that the clerk sits on to fit shoes, but was out of place and in the aisle, and in going along the aisle between the two tables to look for the shoes, plaintiff testified, in part: "The next step I took, I caught my foot in this stool that was directly in my path. I was looking for shoes on the table, at the time I fell over the stool. . . . The shoe department is dark, it is under the balcony. No electric lights there. . . . Q. It was a movable stool and you were just along there and happened to hit the stool? A. Well, the stool—

you didn't usually put stools in the aisle for people to fall over. Q. I didn't ask you that, you just happened to hit the stool; did you step on the stool? A. No, I did not step on it. Q. You stepped against it? A. The stool was directly in the aisle and I hooked my foot in it. . . . Q. Then it was light enough to see the shoes, the stairway, the clerk, that is right, isn't it? A. Yes, and if the stool had been sitting on the table I would have seen the stool. Q. If you had looked for the stool you could have seen it? A. We were not supposed to go along looking for the stool. Q. You did see it after you stepped on it? A. Yes, I saw the girl pick up the stool and push it under the table. I was looking for that then."

In describing her injury, plaintiff testified: "Was in bed three weeks and after that was on crutches for three weeks. Not able to get out of the house, went around inside. I have never been strong in that limb since. In fact there is scarcely a time when there is not a misery there, and just real often I have to sit with that foot elevated to keep the blood out of it, and the evidence is still there of the injury. I struck the stool and the bone is indented and the flesh has grown to the bone, the shin bone, and part of the flesh is on the side. Now, when I walk to the postoffice and back, that place swells and I have to lie down to get any comfort at all."

The defendant denied any negligence and set up the plea of contributory negligence.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff negligently contribute to her own injury as alleged in the answer? Answer: No.

3. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,000."

*Spruill & Olive for plaintiff.*
*Raper & Raper for defendant.*

CLARKSON, J. The defendant at the close of plaintiff's evidence, and at the close of all the evidence, made motions in the court below for judgment as in case of nonsuit. C. S., 567. The motions were overruled and in this we can see no error.

It is the well settled rule of practice and accepted position in this jurisdiction, that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support her cause of action,

whether offered by the plaintiff or elicited from the defendant's witnesses, will be taken and considered in its most favorable light for the plaintiff, and she is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

We think the evidence sufficient to be submitted to the jury. The charge of the court below is not in the record, the presumption is that the court charged the law applicable to the facts. We see no prejudicial error in excluding the evidence of defendant's witness in regard to the way in which the shoe department was lighted. This witness had already stated "The room was I consider very well lighted." Defendant offered other evidence to the same effect. We find

No error.

BROGDEN, J., dissenting: There is no law requiring a merchant to keep chairs and stools used by his clerks and customers, at any particular point or place in the store. Necessarily, in the due course of business, these articles of furniture are designed to be moved from place to place to suit the convenience of both clerks and customers. Hence, the fact that the stool was not at its accustomed place would constitute no evidence of negligence. A shoe store without chairs or stools for the convenience and comfort of customers and the necessary use thereof for fitting purposes, would be somewhat of a novelty. The plaintiff, however, seeks to avoid the consequence of her own negligence by alleging that the store was poorly lighted. She admits, however, that there was light enough for her to see shoes, the stairway, and the clerk. Obviously, if there was enough light for her to see and select a shoe, there was enough light for her to see as large an object as a stool, and I think the case should have been nonsuited.

STACY, C. J., concurs in dissent.