## BASKIN v. MONTGOMERY WARD & CO.
### No. 4444.

Circuit Court of Appeals, Fourth Circuit.
June 12, 1939.

Francis E. Winslow, of Rocky Mount, N. C. (H. D. Cooley, and Dan B. Bryan, both of Nashville, N. C., and Kemp D. Battle and Battle & Winslow, all of Rocky Mount, N. C., on the brief), for appellant.

William L. Thorp, of Rocky Mount, N. C. (I. D. Thorp and Thorp & Thorp, all of Rocky Mount, N. C., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and WAY, District Judge.

NORTHCOTT, Circuit Judge.

This is an action instituted in the Superior Court of Nash County, North Carolina, in July, 1938, by the appellant, Mrs. James Murphy Baskin, here referred to as the plaintiff, against the appellee, Montgomery Ward & Company, a Delaware corporation, here referred to as the defendant, to recover damages for an alleged injury caused by a fall in defendant's store in Rocky Mount, North Carolina.

The cause was removed to the District Court of the United States for the Eastern District of North Carolina, at Wilson, by the defendant.

The defendant answered plaintiff's complaint denying liability and in October, 1938, a trial was had before a jury. At the close of plaintiff's evidence the defendant moved for a non-suit, which motion was denied, and at the close of all the evidence renewed its motion for a nonsuit and moved for a directed verdict in favor of the defendant. The court reserved its decision on this motion and the jury returned the following answers to the issues submitted to it.

1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.

2. Did the plaintiff negligently contribute to her own injury as alleged in the answer? Answer:

3. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $3,500.

The jury failed to answer the second issue and reported that there was no prospect of an agreement but it was not instructed by the court that its verdict was incomplete. Within ten days the defendant renewed its motion for nonsuit and after hearing further argument thereon the trial judge granted said motion and entered judgment in favor of the defendant. From this action this appeal was brought.

The defendant operates a department store in the City of Rocky Mount, North Carolina. In the store it uses as counters tables and platforms of uniform width but of different heights, ordinary merchandise being displayed on tables about waist high and bulky merchandise on platforms about five or six inches high.

There was, in the room, a row of steel posts or pillars about twelve inches square supporting the second floor of the building and the tables and platforms were placed in rows, leaving aisles between them running easterly and westerly with intersecting aisles running northerly and southerly. At the point where the accident was alleged to have happened, the higher tables were on one side of a post and one of the low platforms was on the other side of the post. The lower platform projected beyond the post on each side and was painted the same color as the floor upon which it rested.

The plaintiff entered the store in search of some articles which she wished to purchase and proceeded westerly down one of the aisles until she reached the intersecting aisle where she turned to the left and stumbled over the corner of one of the low platforms and fell. There was merchandise on a high table which was next to the low platform located at the intersection where the plaintiff turned down the

cross-aisle. There was no railing or warning sign on the platform over which she stumbled. The evidence is conflicting as to whether any merchandise was displayed on this platform, the plaintiff testifying that there was nothing on it and witnesses for the defendant testifying that there was merchandise on it.

The main question involved in this appeal is whether there was sufficient evidence of negligence on the part of the defendant to take the case to the jury.

It is not necessary to cite authorities to the effect that in passing on this question, on a motion for a non-suit, the evidence must be considered in the light most favorable to the plaintiff. The law governing the case must be construed in accordance with the decisions of the Supreme Court of the state of North Carolina. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

While a storekeeper is not an insurer of the safety of his customers they (the customers) are invitees and he owes them the duty of keeping his premises in a reasonably safe condition. He must use ordinary care to avoid accidents or injuries. Proper care has been construed by the Supreme Court of North Carolina as being that degree of care which a prudent man should use under like circumstances. Ellis v. Sinclair Refining Company, 214 N.C. 388, 199 S.E. 403.

In Hunt v. Meyers Co., Inc., 201 N.C. 636, 161 S.E. 74, the case was held to be one for the jury to pass upon. There the plaintiff, in a poorly lighted basement, fell over a shoe fitter's stool left in the aisle between tables upon which shoes were displayed, and in the case of Ferguson v. City of Asheville, 213 N.C. 569, 197 S.E. 146, the court said that each case must be determined upon the particular facts of the case.

In the case of Bohannon v. Leonard-Fitzpatrick-Mueller Stores Co., 197 N.C. 755, 150 S.E. 356, the court held that, under the admitted facts in that case, there was no negligence proven against the defendant.

In addition to decisions of the North Carolina Supreme Court the appellee relies on the opinions in the cases of Powers v. Montgomery Ward & Co., 251 App.Div. 120, 295 N.Y.S. 712; Engdal v. Owl Drug Company, 183 Wash. 100, 48 P.2d 232; Smith v. Emporium Mercantile Company, 190 Minn. 294, 251 N.W. 265; Chalmers v. Great Atlantic & Pacific Tea Company, 172 Md. 552, 192 A. 419, 421; and Adriance v. Henry Duncan Corp., 291 Mass. 202, 196 N.E. 906. The appellant cites as authority to support her contention that there was sufficient evidence to take the case to the jury the following cases: Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L.R.A.,N.S., 464; Hodge v. Weinstock L. & Co., 109 Cal.App. 393, 293 P. 80; and Kennedy v. Cherry & W. Co., 267 Mass. 217, 166 N.E. 562.

In two cases, H. L. Green Co. v. Bobbitt, 4 Cir., 99 F.2d 281, and Allison v. Great Atlantic & Pacific Tea Co., 4 Cir., 99 F. 2d 507, this court has had occasion to interpret the North Carolina law with respect to the principle at issue here. In the first mentioned case we held that the evidence on behalf of the plaintiff made a case for the jury and in the second case we held to the contrary.

A consideration of the evidence leads us to the conclusion that under the North Carolina decisions there was sufficient evidence in the instant case to take it to the jury. The question whether, under all the circumstances, the counters in the defendant's store were negligently arranged is one a jury should pass upon.

In view of the fact that the case will go back for a new trial it is proper that we should say that the evidence on the question of the contributory negligence of the plaintiff, upon which issue the jury failed to agree, was, in our opinion, of such a character as to require the submission of that question to the jury. Where there is a conflict of evidence as to plaintiff's negligence it is a jury question. Ferguson v. City of Asheville, supra.

The judgment of the court below is reversed and the cause remanded for a new trial.

Reversed.