### CHENEY et al. v. S. KANN SONS & CO.
### No. 8039.

District Court of the United States for the District of Columbia.

Feb. 3, 1941.

494

Harry Friedman, of Washington, D. C.; for plaintiffs.

Arthur J. Phelan and George Monk (of Hogan & Hartson), both of Washington, D. C., for defendant.

PINE, Justice.

Defendant moves the Court to set aside the verdicts and judgments for the plaintiffs and to enter judgments for defendant notwithstanding the verdicts of the jury, in accordance with defendant's motion for directed verdicts made at the close of all the testimony, or, in the alternative, defendant moves for a new trial.

The Motion to Set Aside the Verdicts and Judgments for Plaintiffs and to Enter Judgments for Defendant Notwithstanding the Verdicts.

The first question is whether the defendant was negligent in placing a clothes rack on which dresses were displayed so close to a flight of two stairs leading to a change in floor level as not to fulfill its duty to exercise reasonable care with respect to the safety of its customers, including plaintiff, and whether such condition proximately caused plaintiff to fall down two steps leading to the lower level and seriously to injure herself. Construing the evidence most favorably to plaintiff and giving her the full effect of every legitimate inference therefrom[1], it would appear that the rack was so close to a change in floor level that as plaintiff faced the rack, selected a dress therefrom, turned to get a better light on it, and then took a step, she fell down the steps leading to this lower level of the floor. Believing that reasonable men might honestly differ as to whether such a condition constituted negligence on the part of defendant and that such negligence caused plaintiff to fall, the question should have been, as it was, submitted to the jury.[2]

The second question is whether defendant had notice of the position of the clothes rack. The rack was on wheels and could have been moved to its position by

[1] Jackson v. Capital Transit Co., 69 App.D.C. 147, 149, 99 F.2d 380; Boaze v. Windridge & Handy, 70 App.D.C. 24, 102 F.2d 628.

[2] Jackson v. Capital Transit Co., supra; Boaze v. Windridge & Handy, supra; Tobin v. Pennsylvania R. Co., 69 App.D.C. 262, 100 F.2d 435.

others than store employes. There was evidence, however, that it was in its usual position, and therefore the store had notice of its position. The real difference between the evidence of the plaintiff and the evidence of the defendant was the distance of the rack from the change in floor level, the defendant's employes testifying it was six to seven feet distant.

The third question is whether plaintiff was guilty of contributory negligence as a matter of law. Of course, as plaintiff walked toward the rack before examining the dresses she would have observed the change in floor level beyond the rack if she had looked. She would also have observed the change in floor level if she had looked as she turned to get a better light on the dress she had selected. She did not look. I do not believe that such failure constitutes contributory negligence as a matter of law under the circumstances of this case. She had never been on the second floor of the defendant's store before. Her attention was attracted to dresses as she walked toward the steps and to the dress she had selected as she turned to get a better light on it. In my opinion conduct constituting reasonable care of a customer in a store is quite different from conduct constituting reasonable care of a person crossing a street and that the doctrine of Faucett v. Bergmann, 57 App.D.C. 290, 22 F.2d 718, is not applicable. It would appear that the opinion of the Court in Walker v. Dante, 61 App.D.C. 175, 58 F.2d 1076, is apposite.

#### The Motion for a New Trial.

The point urged by defendant that counsel for plaintiffs, in his opening statement, made a statement that there had been previous falls on the stairway, which was unsupported by competent testimony, so prejudiced the defendant in the minds of the jury as to justify a new trial, is first raised on motion for a new trial. No instructions on this point were requested, but the court did instruct the jury that they must not let sympathy or prejudice affect their decision but must decide the case according to the facts established by the evidence adduced in court. Under the circumstances I do not believe that a new trial is justified on this ground.

The other points raised in defendant's motion do not, in my opinion, justify the granting of the motion.

Accordingly, the motion that the verdicts of the jury and judgments for the plaintiffs be set aside and that judgments be entered for the defendant notwithstanding the verdicts of the jury is denied, and the motion for a new trial is likewise denied.