MARGARET GROENER ET AL., PLAINTIFFS-RESPONDENTS, v. F. W. WOOLWORTH CO., DEFENDANT-APPELLANT.

Argued February 3, 1944—Decided March 23, 1944.

For the defendant-appellant, *Carey & Lane* and *David A. Pindar*.

For the plaintiffs-respondents, *Abraham Warren* and *Andrew O. Wittreich*.

The opinion of the court was delivered by

DONGES, J.   This appeal brings up judgments for plaintiffs in a suit by husband and wife for injuries to the wife sustained in defendant's store in Jersey City.   It appears from the testimony that the wife, Mrs. Groener, entered the defendant's store and made several purchases at different counters and then decided to buy a collar for her cat.   She inquired of one of the saleswomen where the cat and dog collars were and the saleswoman replied, "Over there hanging on the wall," pointing to the wall in question.   The plaintiff then walked along an aisle to the wall where dog and cat

collars and straps were hanging. This aisle, according to the plan in evidence, is approximately five feet in width. Plaintiff's testimony is that she looked at some collars on the wall at the end of this aisle and observed some collars hanging to the right. At this point there is a stairway of fourteen steps leading to the basement, at the top of which and apparently parallel with a counter and at right angles to the wall in question, is a gate, testified to be thirty-six inches in height from the floor. It was also testified that this gate opens outward only, there being a stop to prevent its being opened inward over the stairway, and that it also has a spring which closes it automatically.

The plaintiff testified that she saw a collar to the right of where she had been looking at them. She stepped forward. She said she took one step in the direction of the wall upon which the collar in question was located and fell down the steps. She said she did not notice the stairs, was not aware of the presence of a gate, that she had not seen the gate and was not aware of it until she was brought upstairs, when she observed that the gate was shut.

The testimony on behalf of the defendant is that the gate closed automatically and was closed when the manager, whose office is across the aforesaid aisle from the top of the stairway, came out upon hearing the fall and the cries of the plaintiff. It is also testified by several women employees that they immediately went to the plaintiff and at that time the gate was closed.

The only questions raised on this appeal are those dealing with the propriety of the refusal to nonsuit and refusal of the motion to direct a verdict for the defendant. The trial judge held that there was a question of fact for the jury as to the negligence of the defendant and also as to the alleged contributory negligence of the plaintiff. The fact that the plaintiff was an invitee was shown. Her testimony was that she had made other purchases and clearly the defendant had the store for the purpose of making sales and invited people generally for that purpose. It displayed goods and the point to which the plaintiff went to see the article she wanted to buy was one where it would clearly be held that she was

invited by the conduct of the defendant as well as by the direction of an employee. *Finnegan* v. *The Goerke Co.,* 106 *N. J. L.* 59.

The basic question seems to be whether the fact that the plaintiff reached beyond the limits of the aisle to the wall where goods were admittedly displayed was an exceeding of her invitation, and also whether by her act she did not produce the accident which was not in any way the fault of the defendant. In view of the testimony it seems that, when the plaintiff went to this place where she was clearly invited to go and then if, as she says, she did not observe the stairway or the gate, but reached in what, under the circumstances, would be a normal manner for an article on display and to which she had been directed, it was a question of fact whether she exceeded the invitation, and likewise a question of fact whether she was guilty of contributory negligence in failing to observe the condition there existing. *MacDonough* v. *Woolworth Co.,* 91 *N. J. L.* 677.

Defendant argues that the probabilities are that she leaned over the gate and lost her balance. On cross-examination of the plaintiff she said she felt nothing against her body at the time she reached for the strap, and this would exclude the idea of her leaning against the gate, reaching beyond a reasonable length and falling, but would rather indicate that the gate was open and that her vision was fixed on the article she sought and that she took one step and fell.

We conclude, therefore, that the question as to the extent of the invitation, whether plaintiff exceeded such invitation, and as to the negligence of the defendant and the contributory negligence of the plaintiff were, under the evidence, for the jury and that there was no error in the refusal of the motions for nonsuit and for direction of a verdict for the defendant.

The judgments under review are affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY. HAGUE, THOMPSON, DILL, JJ. 15.

*For reversal*—None.