ROSCOE A. BURKETTE v. STATE FARM MUTUAL AUTOMOBILE
        INSURANCE COMPANY, a CORPORATION.

(Filed 2 November, 1960.)

**Insurance § 61—**

Conflicting evidence as to whether insured paid to insurer's agent
before the accident and within the time allowed the premium for a
renewal period extending the policy under its terms beyond the date
of the accident, *held* to raise the issue for the determination of the jury.

APPEAL by plaintiff from *Frizzelle, J.,* February 1960 Civil Term,
LENOIR Superior Court.

Civil action to recover from the defendant under its "National
Standard Automobile Policy" in which it agreed to indemnify its
insured, Joseph P. Edwards, for damages by accident arising out
of his ownership or use of a 1955 four-door Chevrolet automobile.

The plaintiff, Roscoe A. Burkette, obtained a judgment in the Su-
perior Court of Lenoir County for $7,823 damages against the in-
sured, Joseph P. Edwards, for injuries received in an accident which
occurred on October 9, 1957, while plaintiff was riding as a passenger
in the above-described Chevrolet driven by the insured. The de-
fendant denied liability on the ground the policy of insurance issued
on that vehicle had expired on May 2, 1957, and, at the time of the
accident, was not in force. At the close of all the evidence the court
entered judgment of compulsory nonsuit from which the plaintiff
appealed.

*White & Aycock for plaintiff, appellant.*
*James & Speight, W. W. Speight, William C. Brewer, Jr., for de-
fendant, appellee.*

HIGGINS, J.   The plaintiff introduced in evidence the policy is-
sued to Joseph P. Edwards in which the defendant contracted "To
pay on behalf of the insured all sums which the insured shall be-
come legally obligated to pay as damages because of bodily in-
jury, . . . caused by accident and arising out of the ownership, . . .
or use of the automobile." The policy showed the premium was paid
on January 3, 1957, to and including May 2, 1957. The policy pro-
vided for renewal periods of six months each after May 2, 1957, upon
the payment of the required premium.

The insured, Joseph P. Edwards, and his wife testified the insur-
ance premium was paid to A. L. Burcham, defendant's authorized rep-
resentative, on January 3, 1957, for the period ending May 2,

1957; that the payment was made at the home of the insured. The defendant's agent admitted the payment on January 3, 1957, but testified the transaction took place at Troy Moore's store and not at the home of the insured. The insured further testified he received notice of the next premium due and that within four or five days after receipt of the notice he saw Mr. Burcham at Troy Moore's store and there borrowed $20.00 from Mr. Moore and paid the premium. The custom of the defendant was to send out notices 20 to 30 days in advance of the due date of premiums.

Troy Moore testified that he made a loan of $20.00 to the insured who paid the money to Mr. Burcham; that this transaction took place prior to the accident.

Urban Padgett testified he went with the insured to Troy Moore's store. Mr. Burcham came in and the insured borrowed $20.00 from Mr. Moore and paid it to Mr. Burcham. "I believe Mr. Burcham had on a short-sleeved shirt. It was not cold weather. It was in 1957, but I do not recall the month."

The plaintiff's evidence was sufficient to raise an issue whether the policy involved was continued in force for an additional period after May 2, 1957, by the payment of the required premium. The evidence was conflicting. The issue is one of fact to be resolved by the jury and not one of law to be decided by the court. *Walker v. Randolph County*, 251 N.C. 805, 112 S.E. 2d 551.

The judgment of nonsuit is set aside and the case is remanded for jury trial.

Reversed.