PEGGY JEAN ROUTH v. HUDSON-BELK COMPANY OF ASHEBORO, INC.

(Filed 2 December, 1964.)

**1. Negligence § 37b—**

The proprietor of a store is not an insurer of the safety of its customers, but it does owe the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils or of unsafe conditions insofar as they are known, or should be known by reasonable inspection.

**2. Negligence § 37f—**

Evidence that the defendant's employee stopped a manually operated elevator on the balcony floor not even with the floor but at an elevation some two inches above it, and that plaintiff, in entering the elevator did not look, tripped over the two-inch elevation, and fell to her injury, *held* to require nonsuit.

APPEAL by plaintiff from *Crissman, J.,* February 10, 1964 Civil Session, RANDOLPH Superior Court.

The plaintiff instituted this civil action to recover damages as a result of a foot injury she alleged she sustained as she entered an elevator maintained by the defendant for the use of its customers in its three-story department store. At the conclusion of the plaintiff's evidence, the court entered a judgment of involuntary nonsuit, from which the plaintiff appealed.

*Ottway Burton for plaintiff appellant.*
*Lovelace & Hardin by James B. Lovelace for defendant appellee.*

HIGGINS, J. The plaintiff alleged and offered evidence tending to show that on July 31, 1961, she entered the defendant's department store as an invitee for the purpose of exchanging merchandise. The defendant maintained elevator service for the convenience of its customers. George Kenneth Edwards, the operator, was on the elevator for the first time. The plaintiff alleged the "defendant put him to operating the elevator without proper training in so far as the elevator on the balcony floor is concerned. . . . After bringing the elevator to a stop, the floor of the elevator was approximately two inches above the balcony floor. . . . The plaintiff, with packages in her arms, proceeded to enter the elevator. . . . Her shoe caught on the two-inch rise . . . on the side of the elevator floor and she stumbled into the elevator. . . . The plaintiff stepped forward relying on the elevator floor being level with the floor of the balcony and that the employee of the

defendant did not warn her that the elevator floor was approximately two inches above the balcony floor." She offered evidence, including medical testimony, of her injuries.

According to her testimony, the plaintiff was acquainted with the defendant's premises. She was on the balcony floor for the second time the day of the injury. On the prior occasion she had used the elevator. On leaving, she summoned the elevator by pressing the button, but before it arrived she stepped back about eight feet to look at some dishes on a table. "(A)s I walked, I tripped on the elevator floor, . . . I tripped over that and fell forward. . . . I did not see the bottom floor of the elevator before I fell. The package was not obstructing my view. . . . I was expecting it to be level. I didn't look to see if it was level until after I fell."

The plaintiff's counsel contends the evidence is sufficient to go to the jury on the question of defendant's negligence. He cites in support the following: A Note in 34 A.L.R. 2d, p. 1387; *Walker v. County of Randolph,* 251 N.C. 805, 112 S.E. 2d 551; *Harrison v. Williams,* 260 N.C. 392, 132 S.E. 2d 869; and *Long v. National Food Stores,* 262 N.C. 57, 136 S.E. 2d 275. No other authority is cited.

The Note in A.L.R. refers to an open elevator shaft without sufficient illumination and no elevator. The plaintiff in *Walker* stepped into an open, unenclosed stairway in front of a bulletin board in the County Courthouse. The plaintiff was attempting to ascertain whether property in which she was interested was advertised for sale. The bulletin board extended over the stairway and was an implied invitation to those interested to come and inspect the notices. The evidence that no barricade or rail surrounded the stairway was sufficient to make out a case for the jury. In the *Harrison* case, the plaintiff, in a dimly lighted restaurant, failed to observe the difference in floor levels, fell and was injured. This Court sustained nonsuit for failure to offer evidence of negligence. In *Long,* the plaintiff stepped on a slippery substance (grapes) on the floor of a grocery store, sustaining injuries. The condition of the substance permitted the inference the substance had been there for a sufficient length of time for its discovery and removal in the exercise of due care. Mrs Long looked. In this case, the plaintiff did not. The cases cited do not support the plaintiff's position.

The proprietor of a store is not an insurer of the safety of its customers, but it does owe the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils or of unsafe conditions in so far as they are known, or should be known by reasonable inspection. *Long v. National Food Stores, supra;*

*Coleman v. Colonial Stores, Inc.,* 259 N.C. 241, 130 S.E. 2d 338; *Case v. Cato's, Inc.,* 252 N.C. 224, 113 S.E. 2d 320.

The question before us is this: Is an operator negligent if he fails to stop his elevator on the level of the floor where he stops to pick up a passenger? Only in cases where an elevator has an automatic floor stop may we expect exactness at all times. In a manually-operated elevator, to miss attaining exactness by only two inches is an insufficient showing to establish actionable negligence.

Even if permitted to go to the jury on an issue of negligence, the plaintiff would then be confronted with her admission that she did not look to see whether the elevator was level with the balcony floor, but assumed that it was.

The judgment of nonsuit is
Affirmed.