RUTH KEITH v. S. S. KRESGE COMPANY AND K-MART ENTERPRISES OF NORTH CAROLINA, INC.

No. 7614SC92

(Filed 2 June 1976)

1. Negligence § 5.1— place of business — duty to customers

While defendants are not insurers of the safety of their customers, they do have a duty to exercise ordinary care to keep the premises in reasonably safe condition, and to give warning of unsafe conditions insofar as they are known or should be known by reasonable inspection.

2. Negligence § 57— box falling on customer — cause of accident not shown — summary judgment for store owner improper

In an action to recover for personal injuries sustained by plaintiff when a box fell from a display in defendants' store and struck her, the trial court erred in granting defendants' motion for summary

judgment where defendants failed to meet their burden of establishing that the accident was not caused by their failure to exercise reasonable care, and that reasonable care' was exercised to prevent or to discover and remove the unsafe condition for plaintiff and others invited to shop in defendants' store.

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 13 November 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 11 May 1976.

Plaintiff brought this action to recover for personal injuries she allegedly sustained while shopping at the K-Mart, a subsidiary of S. S. Kresge Company. She alleged that a box fell from a display of hammocks and injured her, and that the boxes of hammocks had been stacked in such a manner as to be precarious and dangerous to customers. She alleged that defendants knew or should have known of the danger and were negligent in allowing customers in the proximity of the dangerous condition.

Defendants moved for summary judgment and filed a deposition which had been taken of plaintiff, and an affidavit of the assistant manager of K-Mart. Plaintiff filed two affidavits in response to the motion.

It was disclosed by plaintiff's deposition that she was looking at other merchandise, and that her back was to the hammock display when the box fell. She was paying no attention to the hammocks, and had not touched them prior to their falling. There were few people in the store at the time the accident happened, and immediately after the accident plaintiff saw no other customers around the hammock display.

The assistant manager's affidavit stated that the rectangular flat boxes were stacked on top of each other in "a normal fashion," and due to their size and shape they were secure. Merchandise in the store was constantly inspected by K-Mart personnel, and prior to the accident neither the assistant manager nor any other employee had knowledge of any problem with the hammock display. When the assistant manager arrived at the scene he could determine no cause for the boxes falling other than a customer's knocking or disarranging the display. However, he saw no other customer when he arrived.

Plaintiff offered the affidavit of Sally Carden which stated that on the same day of the accident, but not at the time of the

accident, she was in the K-Mart and saw a hammock box fall, and that the boxes were stacked as high as her head.

Also introduced by plaintiff was an affidavit by plaintiff's daughter to the effect that she was with her mother at the time of the accident, and she noticed no other customers in the area when the box fell. The daughter also stated that it was impossible for a customer from another aisle to knock down the boxes because of the wide display between the hammocks and the next aisle. She further avowed that neither she nor plaintiff touched the boxes before the display fell.

*Charles Darsie for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay, by Ronald C. Dilthey, for defendant appellees.*

ARNOLD, Judge.

[1]  The record shows that plaintiff was a customer at defendants' store at the time she was injured. While defendants are not insurers of the safety of their customers they do have a duty to exercise ordinary care to keep the premises in reasonably safe condition, and to give warning of unsafe conditions insofar as they are known or should be known by reasonable inspection. *Routh v. Hudson-Belk Co.*, 263 N.C. 112, 139 S.E. 2d 1 (1964); *Long v. Food Stores*, 262 N.C. 57, 136 S.E. 2d 275 (1964); *Mitchell v. K.W.D.S., Inc.*, 26 N.C. App. 409, 216 S.E. 2d 408 (1975).

[2]  Defendants' position is that there is no material fact at issue since all the evidence filed shows there was nothing unusual about the way the display was created, or anything unusual about the display after the accident. Evidence indicated that the store manager inspected the display after the accident and determined no cause for the falling except for some other customer disarranging or pushing the boxes.

Moreover, defendants assert that plaintiff's evidence is totally lacking concerning the display being precarious or dangerous, or whether the defendants or another customer was responsible for creating the dangerous condition. They maintain there was no showing by plaintiff that the condition existed for a sufficient length of time to place defendants on notice of the condition.

"Irrespective of who has the burden of proof at trial upon issues raised by the pleadings, upon a motion for summary judgment the burden is on the movant to establish that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." *Mitchell v. K.W.D.S., Inc., supra,* 411. In the instant case the plaintiff had no burden to offer evidence in support of her claim until defendants produced evidence of the necessary certitude to negate plaintiff's claim in its entirety and show they were entitled to judgment as a matter of law. *Sanders v. Davis,* 25 N.C. App. 186, 212 S.E. 2d 554 (1975); *Whitley v. Cubberly,* 24 N.C. App. 204, 210 S.E. 2d 289 (1974); *Tolbert v. Tea Co.,* 22 N.C. App. 491, 206 S.E. 2d 816 (1974).

In our opinion defendants failed to put on sufficient evidentiary material of necessary certitude to negate plaintiff's claim. Defendants did not meet their burden of establishing that the accident was not caused by their failure to exercise reasonable care, and that reasonable care was exercised to prevent or to discover and remove the unsafe condition for plaintiff and others invited to shop in the K-Mart. *Tolbert v. Tea Co., supra.*

The judgment appealed from is

Reversed.

Judges PARKER and HEDRICK concur.