MARION C. NORWOOD v. SHERWIN-WILLIAMS COMPANY, A CORPORATION INCORPORATED UNDER THE LAWS OF THE STATE OF OHIO AND DOING BUSINESS IN NORTH CAROLINA

No. 7914SC889

(Filed 2 September 1980)

Negligence § 57.5– pallet protruding into store aisle – injury to customer – contributory negligence

In an action to recover for personal injuries received by plaintiff when she tripped over a pallet which protruded into the aisle of defendant's store, the evidence showed that plaintiff was contributorily negligent as a matter of law where it showed that the pallet supported a tall display; nothing obstructed plaintiff's view of the corner of the pallet which was in the aisle; plaintiff did not look down; and plaintiff should have seen the pallet in the exercise of ordinary care.

Judge WELLS dissenting.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 2 April 1979 in Superior Court, DURHAM County. Heard in the Court of Appeals 20 March 1980.

This action involves a claim by plaintiff for personal injury incurred on 9 November 1974 when she tripped over a pallet which protruded into the aisle of a store operated by the defendant. The pallet was three or four inches off the floor and supported a tall display in the center. It was placed at the end of a counter and the edge of the pallet extended three or four inches into the aisle. The plaintiff was in the defendant's store at approximately 11:45 a.m. to purchase art supplies. After making her selection of art supplies, she started walking down the aisle toward the cash register. Nothing obstructed her view of the corner of the pallet that was in the aisle. The manager of the store testified: "The lighting fixtures in the retail part of the store are eight feet tubular lighting running parallel with the store. I believe there are four different sections of lighting

and they run the length of the store, four tubes per section."
The plaintiff testified: "The floor was poorly lit or it looked
shadowed. The counter on the right shadowed the aisle. The
display also shadowed the aisle." The plaintiff also testified: "I
walked down this aisle ... I did see this display standing out in
the corner of my eye. I could tell there was something tall there,
but I wasn't looking down at the floor because I thought that
display went all the way down to the floor." The plaintiff
tripped on the pallet, suffering an injury.

At the end of all the evidence the defendant made a motion
for a directed verdict which was denied. The jury returned a
verdict for the plaintiff. The court then entered a judgment
notwithstanding the verdict for the defendant. Plaintiff
appealed.

*Watson, King and Hofler, by R. Hayes Hofler III and Mal-
vern F. King, Jr., for plaintiff appellant.*

*Haywood, Denny and Miller, by John D. Haywood and
Charles H. Hobgood, for defendant appellee.*

WEBB, Judge.

If the defendant was entitled to a directed verdict at the
end of all the evidence, the judgment notwithstanding the ver-
dict was properly entered. *See Dickinson v. Pake*, 284 N.C. 576,
201 S.E. 2d 897 (1974). We hold that all the evidence shows the
plaintiff was contributorily negligent and we affirm the judg-
ment of the superior court.

A plaintiff who trips or falls over an object on the premises
of another is barred from recovery by his or her contributory
negligence if the object is in a position at which the plaintiff
would have seen it had he or she looked. *See Routh v. Hudson-
Belk Co.*, 263 N.C. 112, 139 S.E. 2d 1 (1964); *Jones v. Pinehurst,
Inc.*, 261 N.C. 575, 135 S.E. 2d 580 (1964); *Coleman v. Colonial
Stores, Inc.*, 259 N.C. 241, 130 S.E. 2d 338 (1963); *Little v. Oil
Corp.*, 249 N.C. 773, 107 S.E. 2d 729 (1959); *Porter v. Niven*, 221
N.C. 220, 19 S.E. 2d 864 (1942); *Farmer v. Drug Corp.*, 7 N.C. App.
538, 173 S.E. 2d 64 (1970). The plaintiff, relying on *Hunt v.*

Norwood v. Sherwin-Williams Co.

*Meyers Co.*, 201 N.C. 636, 161 S.E. 74 (1931) contends that there was evidence in this case that the area in which the pallet was placed was dark or shadowed such that she could not see the pallet. The difficulty with this argument is that the evidence does not show the shadows prevented the plaintiff from seeing the pallet. She testified she did not look down. She did not testify that she looked and the shadows prevented her from seeing the pallet. Plaintiff also contends that the lady at the cash register, the tall display on the pallet, the merchandise along the aisle, and the impulse items diverted her attention from the pallet. Our Supreme Court has held in *Walker v. Randolph County*, 251 N.C. 805, 112 S.E. 2d 551 (1960) that a person is excused from seeing what he should ordinarily have seen by a condition which might divert the attention of a prudent person from looking. In that case Randolph County maintained a bulletin board which extended 19 inches over a staircase. The plaintiff was looking up for a notice on the board and fell down the steps. We do not believe we should extend this doctrine of diversion to say that a person may reasonably be diverted from seeing what he or she should have seen by the normal activities in a retail store.

We hold that the pallet was in plain view where the plaintiff should have seen it by the exercise of due care.

Affirmed.

Judge HEDRICK concurs.

Judge WELLS dissents.

Judge WELLS dissenting:

Plaintiff's evidence in this case showed that while walking along an aisle in defendant's store, her foot caught under a plywood pallet which was protruding into the aisle and was elevated about three inches off the floor. The pallet supplied the base upon which a tall paint sprayer display was mounted. Plaintiff noticed the paint sprayer display but did not see the protruding pallet before she caught her foot underneath it. The aisles of the store were very narrow and crowded with merchan-

dise. Where the paint sprayer display was located the aisle was not over two and one-half feet wide. The corner of the pallet stuck out into the aisle approximately three or four inches. Plaintiff's foot was seriously injured as a result of its being caught underneath the protruding pallet. Plaintiff also presented extensive evidence as to the nature and extent of her injury, but the foregoing fairly summarizes her evidence as to defendant's negligence.

At the close of plaintiff's evidence, defendant's motion for directed verdict was denied. Defendant presented the testimony of Richard McDaniel who was defendant's assistant store manager at the time of plaintiff's injury. He testified as to the location and design of the display pallet. There were two aspects of his testimony which we regard as favorable to plaintiff. We quote:

> The pallet was in an open area because it was a fairly large device used for spraying houses and commercial work and it is something that you set it out there and you don't want a whole lot of things to distract from it. We really didn't have anything else to put around it at the time. It was more or less as a display.

> \* \* \*

> To my knowledge, the base of the display was constructed of two by fours as the base and plywood nailed to the top of it. The plywood would have been four inches off the floor. The edges were exposed. There was bare plywood sticking out around the base, and there was an overhang.

Defendant also presented the testimony of Crandall Nelson, defendant's store manager at the time of plaintiff's injury. There was one aspect of his testimony we regarded as favorable to plaintiff. We quote:

> The pallet and the display itself were located right in the middle of the busy area in front of the wrapping counter. That pallet was constructed so that it had the plywood

edges exposed. It was painted and had carpet on it. We did not have a drop cloth on top of it. The very edge of the pallet was painted and smooth. There was no guard around it. There was nothing to warn customers that this low-lying pallet was there; we did not put up a sign there. We figured the 2 X 4 would act as a kick-board. I built these pallets and I let the 2 X 4's underneath serve as a kick-board. A customer's foot could have gone underneath there but not very far.

The airless pump spray gun was probably four and one-half feet high. It was a sort of turquoise color. Back through a period of the sixties to 1975, the merchandising idea at that time was the mass-marketing idea. The idea was to pile high and let it fly. We never did go along with that too much.

At the close of all the evidence, defendant's motion for directed verdict was again denied. Following the charge of the court, the jury answered the issues as follows:

"1. Was the plaintiff injured by the negligence of the defendant as alleged in the Complaint?

ANSWER: 'Yes.'

2. Did the plaintiff contribute to her own injuries as alleged in the Answer?

ANSWER: 'No.'

3. What amount, if any, is the plaintiff entitled to recover of the defendant?

ANSWER: '$90,000.00.' "

Upon the jury's verdict on 2 March 1979, the trial court entered judgment for plaintiff in the amount of $90,000.00. On 6 March 1979, defendant moved for judgment notwithstanding the verdict. On 2 April 1979, the trial court entered an order granting defendant's motion for judgment n.o.v.

The majority opinion holds that the evidence shows plaintiff to have been contributorily negligent because she failed to see the pallet which "was in plain view where the plaintiff should have seen it in the exercise of due care." We must respectfully disagree.

Plaintiff's evidence must be taken in the light most favorable to her. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974); *Home Products Corp. v. Motor Freight, Inc.*, 46 N.C. App. 276, 264 S.E. 2d 774 (1980). To the extent defendant's evidence explains or clarifies plaintiff's evidence, it must be considered in the light most favorable to plaintiff. In that light, plaintiff's and defendant's evidence clearly shows that a large display was mounted by defendant in a crowded, busy area of the store. The display was mounted to attract the attention of customers. The display reached near eye level. It was mounted on a pallet elevated from the floor by about four inches, a height sufficient to create the illusion of floor level, but with an overhang under which there was room for plaintiff's foot to catch. This condition, created by defendant, constituted a hidden danger, a danger with which plaintiff could not reasonably be expected to discern, observe, or otherwise be aware of. In the words of Justice Ervin, plaintiff's conduct

> must be judged in the light of the general principle that the law does not require a person to shape his behavior by circumstances of which he is justifiably ignorant, and the resultant particular rule that a plaintiff cannot be guilty of contributory negligence unless he acts or fails to act with knowledge and appreciation, either actual or constructive, of the danger of injury which his conduct involves.

*Chaffin v. Brame*, 233 N.C. 377, 380, 64 S.E. 2d 276, 279 (1951).

Under such circumstances as were deliberately created by defendant in this case, we do not believe it was the duty of the plaintiff to anticipate that defendant's display would be mounted on a pedestal not flush with the floor, protruding in such a way that if she did not tiptoe around it, she might catch her foot underneath it.

In its motion for judgment n.o.v., defendant included a conditional motion for a new trial, which was denied by the trial court. Under these circumstances, the verdict for plaintiff should stand and the matter should be remanded to the trial court with instructions to reinstitute the judgment in her favor. *See,* G.S. 1A-1, Rule 50.