TERRY ANN EDENS, MINOR, BY HER NEXT FRIEND, F. D. EDENS v.
WILBUR R. ADAMS
AND
F. D. EDENS v. WILBUR R. ADAMS
No. 685SC440

(Filed 15 January 1969)

**1. Trial § 21— motion for nonsuit — consideration of evidence**

On motion for judgment of compulsory nonsuit, plaintiff's evidence is to be taken as true and considered in the light most favorable to him, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence.

**2. Automobiles § 63— negligence in striking child — sufficiency of evidence**

In an action for personal injuries sustained by minor plaintiff when she was struck in defendant's driveway by a trailer pulled by an automobile driven by defendant, motion for nonsuit is properly allowed where the evidence neither shows nor permits a reasonable inference that defendant knew at any time that the minor plaintiff was playing in close proximity to his automobile and trailer when he started off.

**3. Negligence § 26— not presumed from injury**

Negligence is not presumed from the mere fact that a minor plaintiff was injured.

APPEAL by plaintiff in each case from *Bundy, J.,* August 1968 Civil Session, NEW HANOVER County Superior Court.

These two cases were consolidated for trial. In the first case, Terry Ann Edens (the minor plaintiff) sought to recover damages for personal injuries caused by the alleged negligence of the defendant. In the second case, F. D. Edens sought to recover damages for hospital care, medical attention and medical bills incurred by his daughter, the minor plaintiff, due to the alleged negligence of the defendant.

At the conclusion of the plaintiffs' evidence, defendant's motion for judgment as of nonsuit was sustained, and the cases were dismissed. Both plaintiffs appealed.

*Aaron Goldberg for plaintiff appellants.*

*Marshall & Williams by Lonnie B. Williams for defendant appellee in each case.*

CAMPBELL, J.

The only question presented is whether the plaintiffs' evidence was sufficient to establish a *prima facie* case of negligence on the part of the defendant.

[1]   " 'On a motion for judgment of compulsory nonsuit, plaintiff's evidence is to be taken as true, and considered in the light most favorable to him, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence. Plaintiff's evidence must be considered in the light of his allegations to the extent the evidence is supported by the allegations. . . .' " *Gibbs v. Light Co.,* 268 N.C. 186, 150 S.E. 2d 207.

Applying this rule to the instant case, the plaintiffs alleged that on 13 April 1964 the minor plaintiff, who was about three and one-half years old, and her brother, who was four and one-half years old, were in the defendant's yard watching him mix suntan lotion and load it in a trailer which was attached to his automobile; while the minor plaintiff was standing near the driveway, the defendant entered his automobile, which was parked in his own driveway; he knew the minor plaintiff was there; he negligently failed and neglected to pay heed to his surroundings or to pay proper attention and to ascertain the whereabouts of the minor plaintiff before moving his automobile; he negligently failed to blow his horn in order to alert the minor plaintiff of his intention to drive along his own

driveway; he failed to keep and maintain a proper lookout and to keep his automobile under proper control; he "negligently drove his automobile along said driveway and ran into and against said minor plaintiff"; and she sustained serious and permanent injuries as a result of this negligence.

The minor plaintiff's four and one-half year old brother, the only eyewitness to the occurrence, testified that he went to the defendant's home and watched him fill some bottles with lotion in the garage, which was located in the backyard; he did not know whether or not the defendant saw the minor plaintiff playing in the backyard; pasteboard boxes containing the bottles were loaded by defendant in the trailer which was hooked to his automobile; the minor plaintiff and another little girl, the granddaughter of the defendant, were playing in the driveway less than a yard from the automobile; after the trailer was loaded, the defendant got in the automobile to leave; the minor plaintiff came over and got in front of her brother, who was standing by a barrel, which was about four feet from the driveway and to the rear of the automobile; and when the automobile started, the trailer knocked her down. The brother did not know whether the defendant saw him and his sister standing there, but he testified that the defendant did not blow his horn when he started. The brother testified: "She ran and got in front of me, and the trailer knocked her down." He further testified: "Well, he was in the car, and my sister ran over there and got in front of me and he started off."

Shortly after the occurrence the minor plaintiff's mother and grandmother talked to the defendant. He told them that he did not know what happened, " 'but he thought he might have [hit her] when he was passing by.' " " 'The wheel of my trailer might have hit her.' "

[2]    Taken in the light most favorable to the plaintiffs, the evidence neither shows nor permits a reasonable inference that the defendant knew at any time that the minor plaintiff was playing in close proximity to his automobile and trailer at the time he started off. The plaintiffs' brief assumes that the defendant had such knowledge, but this assumption is based upon a question which defendant's counsel asked the brother on cross-examination. It is not based upon any evidence in the record. In fact, the record is to the contrary since it indicates that the infant plaintiff ran over in front of her brother, who was standing in a position of safety by the barrel, after the defendant had gotten in the automobile and was preparing to leave. There is no evidence as to how long she was in

this position or as to how long she remained there before she got in between the automobile and trailer and in close proximity to the wheel of the trailer.

> "Proof of an injury, without more, does not raise a presumption of negligence. . . . Negligence is the doing of an act which a reasonable man would not do under the same circumstances, or the failure to do an act which a reasonable man would not omit under similar circumstances. An act or omission does not constitute actionable negligence unless a reasonable man could have foreseen that injury to another would be likely to occur from such act or omission. . . . 'The law does not require omniscience and proof of negligence must rest on a more solid foundation than mere conjecture.' " *McDonald v. Heating Co.,* 268 N.C. 496, 151 S.E. 2d 27.

[3]    Negligence is not presumed from the mere fact that the minor plaintiff was hurt. Direct evidence of negligence is not required but the same may be inferred from facts and attendant circumstances. But in a case such as this, the plaintiff must establish attendant facts and circumstances which reasonably warrant the inference that the injury was proximately caused by the actionable negligence of the defendant. Such inference cannot rest on conjecture or surmise. The inferences contemplated by the rule are logical inferences reasonably sustained by the evidence, when considered in the light most favorable to the plaintiff. A cause of action must be something more than a guess. A resort to a choice of possibilities is guesswork, not decision. To carry the case to the jury, the plaintiffs must offer evidence sufficient to take the case out of the realm of conjecture and into the field of legitimate inference from established facts. *Boyd v. Harper,* 250 N.C. 334, 108 S.E. 2d 598.

The judgment of involuntary nonsuit is

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.