CHARLES W. BRAY, JR., A MINOR, BY HIS NEXT FRIEND, WILLIAM F. WARD v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., A CORPORATION, AND NORWOOD F. BENDER

AND

CHARLES W. BRAY v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., A CORPORATION, AND NORWOOD F. BENDER

No. 683SC363

(Filed 5 February 1969)

1. **Negligence § 57—     invitee's injury on store premises — sufficiency of evidence**

    In an action for personal injuries received by five-year-old plaintiff while in corporate defendant's grocery store, defendants' motions for nonsuit were properly allowed where plaintiff's evidence shows only that plaintiff was injured when a wheel on the grocery cart in which he was riding jammed and the cart overturned, and that the store manager did not know when the carts were last inspected, there being no evidence of the condition of the cart or what, if anything, caused the wheel to jam, and there being no showing that failure to inspect was a proximate cause of the injury.

2. **Negligence § 53—     duty of store owner to invitee**

    While a store proprietor is not an insurer of the safety of a minor who is on the premises, the proprietor has the duty to exercise ordinary care to keep premises furnished for the use of invitee customers in a reasonably safe condition, including the duty to make reasonable inspections.

3. **Negligence § 26—     injury — presumptions**

    Negligence is not presumed from the mere fact that the minor plaintiff was injured.

4. **Negligence § 26—     burden of proof**

    While negligence need not be established by direct evidence but may be inferred from facts and attendant circumstances, plaintiff must establish attendant facts and circumstances which reasonably warrant the inference that the injury complained of was proximately caused by the actionable negligence of defendant.

5. **Negligence § 53—degree of care — invitee — licensee**

    The degree of care owed to an invitee is higher than that owed to a licensee.

APPEAL by plaintiffs from *Peel, J.,* 30 April 1968 Civil Session, Superior Court of CRAVEN.

These two cases were consolidated for trial. In the first action the minor plaintiff seeks to recover for personal injuries suffered while in the corporate defendant's store on 6 August 1965. The second action is brought by the minor plaintiff's father, and he seeks to recover for medical expenses incurred on behalf of the

minor plaintiff for the treatment of these injuries. Plaintiffs allege that the grocery cart in which the minor plaintiff was riding at the time of the accident was in an unsafe condition, and that the defendants knew, or should have known, that the cart was in an unsafe condition.

At the close of the plaintiffs' evidence the court allowed defendants' motions for nonsuit and plaintiffs appealed.

*Ward and Ward by Kennedy Ward for plaintiff appellants.*

*Barden, Stith, McCotter and Suggs by L. A. Stith for defendant appellees.*

Morris, J.

The evidence, taken in the light most favorable to the plaintiffs, tells the following story:

On 6 August 1965 between the hours of 7:00 p.m. and 8:00 p.m., the minor plaintiff, Charles Bray, Jr., Randy Jarman, and the minor plaintiff's mother, Margaret Bray, entered the A. & P. store located at 1105 Park Drive, New Bern, North Carolina. At the time of this accident, Randy Jarman was 8 years of age and Charles Bray, Jr., the minor plaintiff, was 5 years of age. As the parties entered the grocery store, Mrs. Bray told the young boys to get a grocery cart and follow her. Charles Bray, Jr., climbed into a seat on the grocery cart which was designed so that young children customarily rode in the seat. Mrs. Bray entered the aisle behind the check-out counter and the boys followed her with Charles Bray, Jr., riding in the cart and Randy Jarman pushing. Mrs. Bray was walking faster than the young boys. She entered an aisle between two grocery counters, picked up one or two items, and then turned to look for the boys. They were in another aisle when they heard Mrs. Bray call them. Randy Jarman began pushing the cart toward Mrs. Bray with the minor plaintiff riding therein. Randy Jarman stated at the trial, "And I was on the other aisle and when I went to turn the corner that was when the cart turned over." He said that the cart turned over because the right wheel jammed. He then stated that the cart turned over while it was going straight ahead. Charles Bray, Jr., minor plaintiff, suffered a broken leg as a result of the cart's turning over. Randy Jarman stated that before this occurrence, the cart had been functioning properly.

Norwood F. Bender, individual defendant and manager of the A. & P. store in which this incident occurred, was called as an ad-

verse witness. He testified that the carts were periodically checked; that the employees were instructed to inspect them when they were pushed back into the line where they were placed for further use by customers; and that he did not know when the carts were last inspected prior to this accident. He further stated that an outside firm was employed by the A. & P. Company to inspect the carts approximately every six months; that he examined the carts regularly, but he did not examine each individual cart.

[1]    We think the trial judge properly refused to submit the question of defendants' negligence to the jury. There was no evidence introduced showing the condition of this cart; what type of mechanical difficulty was involved, if any; or, what, if anything, caused the wheel to jam. Assuming only for the sake of discussion that the plaintiffs' evidence was sufficient to show a failure to inspect by the defendants, we do not think that there was a showing that the failure to inspect was a proximate cause of the minor plaintiff's injuries.

In *Colclough v. A. & P. Tea Co.*, 2 N.C. App. 504, 163 S.E. 2d 418, plaintiff offered evidence which tended to prove that a string, wrapped around the inside of the wheel on the shopping cart she was pushing, caused the wheel to jam, injuring the plaintiff. This Court in an opinion by Parker, J., held that the trial court properly allowed the defendant's motion for nonsuit. It was held that it was a matter of speculation as to how the string became wrapped around the wheel. In the present case we have no evidence at all showing why the wheel jammed. If the issue of negligence had been submitted to the jury, there was no evidence from which they could have made even a rational guess as to the answer.

[2-4]    The defendants were not insurers of the minor plaintiff's safety while he was on the premises of the corporate defendant although they were under a duty to exercise ordinary care to keep such premises, furnished for the use of invitee customers, in a reasonably safe condition, and this includes the duty to make reasonable inspections. *Routh v. Hudson Belk Co.*, 263 N.C. 112, 139 S.E. 2d 1; *Colclough v. A. & P., supra.* However, the plaintiff in the present case has failed to show that there was a defect in the wheel which the defendants knew about, or should have discovered by a timely and proper inspection. There is no evidence showing that there was a defect. The possibilities are numerous: there may have been a defect in the wheel; some object may have become wrapped around the wheel while it was being pushed by the young boys; the wheel may have hit an object which had been dropped on the floor; and many

others. But, there is no evidence whatsoever on this point and the matter, if submitted to the jury, could only have been decided by conjecture.

> "Negligence is not presumed from the mere fact that the minor plaintiff was hurt. Direct evidence of negligence is not required but the same may be inferred from facts and attendant circumstances. But in a case such as this, the plaintiff must establish attendant facts and circumstances which reasonably warrant the inferences that the injury was proximately caused by the actionable negligence of the defendant. Such inference cannot rest on conjecture or surmise. The inferences contemplated by the rule are logical inferences reasonably sustained by the evidence, when considered in the light most favorable to the plaintiff. A cause of action must be something more than a guess. A resort to a choice of possibilities is guesswork, not decision. To carry the case to the jury, the plaintiffs must offer evidence sufficient to take the case out of the realm of conjecture and into the field of legitimate inference from established facts. *Boyd v. Harper,* 250 N.C. 334, 108 S.E. 2d 598." *Edens v. Adams,* 3 N.C. App. 431, 165 S.E. 2d 68.

Also, see *Goldman v. Kossove,* 253 N.C. 370, 117 S.E. 2d 35, for a holding in accord with the decision we have reached here.

[5]     Assuming, as the parties have in their briefs, that the minor plaintiff occupied the status of an invitee while on the corporate defendant's premises, the defendants owed him the duty reasonably to inspect the premises. The degree of care owed to an invitee is higher than that owed to a licensee. However, this case is not meant to be determinative of the question of whether the minor plaintiff was an invitee or a licensee. This question was not raised by the parties, and we find it unnecessary to consider it under the facts presented here.

The plaintiffs have failed to show that there were any acts of negligence committed by the defendants which proximately caused the injuries sustained by the minor plaintiff. The judgment below is

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.