JACK HAWKINS v. RHEA RITTER HAWKINS

No. 744DC270

(Filed 15 May 1974)

1. Appeal and Error § 45— assignment of error abandoned

Where defendant made no reference in her brief to an assignment of error stated in the record on appeal, the assignment is deemed abandoned.

2. Appeal and Error § 42— assignment of error to signing of judgment — review of record proper

An exception to the signing of the judgment presents the face of the record proper for review, but it cannot present the question of the sufficiency of the evidence to sustain the verdict.

APPEAL by defendant from Crumpler, Judge, 29 October 1973 Session of District Court held in ONSLOW County.

Plaintiff instituted this action on 9 January 1973 for absolute divorce on ground of one year separation. Defendant filed answer admitting the allegations of the complaint as to residency of the parties and that the two children of the parties had reached their majority; she denied the other allegations. By a further answer and counterclaim, she alleged the marriage of the parties on 7 June 1939, her dependency on plaintiff for support, her faithful performance of the marriage vows, misconduct on the part of plaintiff, and plaintiff's financial worth and ability to earn money. By a second further answer, she alleged, in paragraph one thereof, the execution of a "purported" deed of separation by plaintiff and defendant on 24 December 1971 and, by exhibit, made the deed of separation a part of her answer. She then set forth in five paragraphs allegations attacking the validity of the deed of separation. She asked that the divorce action be dismissed, that she be awarded alimony and counsel fees, and that the deed of separation be declared void.

By motion filed on 8 March 1973, plaintiff asked (1) that the first further answer and counterclaim be dismissed and stricken, and (2) that, except for paragraph one, that the second further answer be dismissed and stricken. Following a hearing, the court, on 4 May 1973, entered an order striking the following portions of defendant's pleadings:

"All of the further answer and allegation of new matter as a counterclaim, consisting of paragraphs 1 through 6, (commencing on Page 1 of Answer), and

"All of the further answer and allegation of new matter, consisting of paragraphs 1 through 6, (commencing on Page 3 of Answer), other than paragraph 1 thereof."

On 18 May 1973, defendant filed "APPEAL ENTRIES" as follows: "To the Order entered in this case striking portions of defendant's answer, the defendant excepts and appeals to the North Carolina Court of Appeals."

As of 29 October 1973, no appeal to the foregoing order had been perfected. The court proceeded to try the divorce action and the jury answered issues relating to residence, marriage, and separation in favor of plaintiff. From judgment granting plaintiff an absolute divorce, defendant appealed.

*Zennie L. Riggs and Edward G. Baley for plaintiff appellee.*

*Joseph C. Olschner for defendant appellant.*

BRITT, Judge.

The record on appeal and defendant appellant's brief do not comply with the rules of this court. Nevertheless, we will attempt to answer the two questions alluded to in the brief.

The first question is stated in defendant's brief as follows: "DID THE TRIAL COURT COMMIT ERROR WHEN HE STRUCK FROM DEFENDANT'S COUNTERCLAIM 'ALL OF THE FURTHER ANSWER AND ALLEGATION OF NEW MATTER AS A COUNTERCLAIM CONSISTING OF PARAGRAPH 1 THROUGH 6'? (Exception 1, R p 20)"

No Exception 1 appears on page 20 of the record. On pages 23 and 24 of the record, defendant purports to group her assignments of error. By assignment no. 1, she appears to contend that the court, by its order of 4 May 1973, erred in striking her first further answer and counterclaim for alimony. By assignment no. 2, she appears to contend that the court erred in striking all but paragraph one of her second further defense in which she set forth the deed of separation but asked that it be declared null and void. By assignment no. 3, she contends that the court erred in signing and entering the divorce judgment dated 30 October 1973.

[1] In her brief, defendant makes no reference to the second assignment of error stated in the record on appeal, therefore, it is deemed abandoned. *McDonald v. Heating Co.*, 268 N.C. 496, 151 S.E. 2d 27 (1966). That being true, defendant's second fur-

ther answer sets forth a deed of separation completely valid on its face, and all of her allegations attacking the deed of separation are stricken. The result is that the deed of separation negates the first further defense and counterclaim; therefore, we hold that defendant fails to show prejudicial error in the striking of her first further defense and counterclaim.

The second question stated in defendant's brief is as follows: "DID THE TRIAL COURT COMMIT ERROR BY SIGNING AND ENTERING THE JUDGMENT DATED OCTOBER 30, 1973?" Defendant's only argument on this question is that "there is no testimony in the record that would justify the court in entering the judgment granting an absolute divorce."

[2]   An appeal itself is an exception to the judgment and to any matter appearing on the face of the record proper. *Stancil v. Stancil*, 255 N.C. 507, 121 S.E. 2d 882 (1961). A sole exception to the judgment, or to the signing of the judgment, likewise presents the face of the record proper for review. *Vance v. Hampton*, 256 N.C. 557, 124 S.E. 2d 527 (1962). An exception to the judgment cannot present the question of the sufficiency of the evidence to sustain the verdict. *Lea v. Bridgeman*, 228 N.C. 565, 46 S.E. 2d 555 (1948). A review of the face of the record proper reveals no error. The record on appeal does not set forth the testimony presented at trial but it is the responsibility of an appellant to make up and serve the record on appeal. 1 Strong's N. C. Index 2d, Appeal and Error, § 36, p. 173 (1967).

For the reasons stated, we conclude that defendant has failed to show prejudicial error.

No error.

Judges HEDRICK and CARSON concur.