LOUISE COSTON v. SKYLAND HOTEL, INC.

(Filed 8 March, 1950.)

**1. Negligence § 4f (1)—**

Evidence that a patron at a hotel went to the manager's desk, which was in a corner of the hotel lobby, in continuing attempts to get into communication with a friend she expected to meet her at the hotel for dinner, and received information from the manager as to a phone call previously made by the friend and obtained change from the manager for use in another telephone call, *is held* to show that the patron was an invitee.

**2. Negligence § 4f (3)—**

The owner owes the duty to a licensee to refrain from willful or wanton negligence and to refrain from doing any act which increases the hazard to the licensee while on the premises, and passive negligence on the part of the owner will not ordinarily give rise to liability.

**3. Negligence § 4f (2)—**

The owner owes the duty to an invitee to keep the premises in reasonably safe condition for use by the invitee, which means to exercise the care of a reasonably prudent man to keep the premises safe.

**4. Negligence § 4f—**

Evidence that plaintiff, a patron in a hotel, was an invitee at the time and place in question, and tripped over a wire extending along the floor, and fell to her injury, *is held* sufficient to overrule nonsuit in her action against the hotel to recover for her resulting injury.

PLAINTIFF's appeal from *Nettles, J.,* Regular August 1949 Term, BUNCOMBE Superior Court.

*T. A. Uzzell, Jr., and J. M. Horner for plaintiff, appellant.*
*Smathers & Meekins and R. L. Whitmire for defendant, appellee.*

SEAWELL, J. The plaintiff brought this suit to recover damages for a personal injury alleged to have been brought about by the defendant's negligence, basing her case on the evidence herein summarized. The

appeal is from the judgment of nonsuit on defendant's demurrer at the conclusion of plaintiff's evidence. The defendant offered none.

The defendant was operating a hotel at Hendersonville. The plaintiff, on the day of her injury, entered the lobby of the hotel where she and a friend had agreed to meet and have dinner. The friend was coming from Winston-Salem and had not arrived. There were two booths containing telephones in the lobby, and also the desk of the manager of the hotel. Finding it necessary to use the telephone in one of the booths for the purpose of communicating with her friend, the plaintiff secured change from the manager of the hotel and used the telephone. She then wished to know when the dining room, which opened off the lobby, would close, so that she and her friend might be on time for dinner, and was informed by the manager that it closed at eight o'clock. She then requested that when her friend arrived at the hotel the manager would inform him to wait there until plaintiff returned from a short visit she meantime wished to make to the grocery, and he agreed to do so. Returning from the grocery she ascertained from the manager that her friend had called but that he had not delivered her message. She then secured change from the manager to use again in the telephone booths and asked him the telephone number of the bus station from which her friend had called in order that she might call him, and he undertook to look it up for her in the directory.

The plaintiff this time was in front of the manager's desk and he was in his chair facing her. On being given the number she turned away from the desk and tripped over an electric wire, or cord, leading to the desk lamp, which was extended along the floor, as plaintiff testified, several feet from the desk to which it was attached. She fell violently forward upon the floor, suffering injuries to her nose and head which she claimed to be painful and permanent.

Taken in the most favorable light for the plaintiff, this evidence engenders inferences that she was an invitee in the hotel and not a mere licensee, using only those devices and facilities in the hotel that were reasonably within the invitation extended by a place of that kind for the use of the public generally, and being the recipient from the manager only of those offices which were reasonably within the invitation extended to her, and in the performance of the ordinary duties of his position.

The difference in the care which must be observed by the owner of property toward a mere licensee on the premises and that which is due an invitee is too well settled for extended discussion. Succinctly stated, as distinguished in our own decided cases, the owner owes to the licensee the duty only "to refrain from willful or wanton negligence and from doing any act which increases the hazard to the licensee while he is on the premises." *Dunn v. Bomberger,* 213 N.C. 172, 195 S.E. 364. Passive

negligence will not ordinarily give rise to liability; *Clark v. Cleveland Drug Co.,* 204 N.C. 628, 169 S.E. 217; and the status of the bare licensee has been held to be substantially similar to that of the trespasser. *Jones v. Southern Railway Co.,* 199 N.C. 1, 153 S.E. 637. Duty to an invitee requires that the premises must be kept in reasonably safe condition for use by the invitee. *Drumwright v. Theatres,* 228 N.C. 325, 45 S.E. 2d 379; *Watkins v. Taylor Furnishing Co.,* 224 N.C. 674, 31 S.E. 2d 917; *Anderson v. Reidsville Amusement Co.,* 213 N.C. 130, 195 S.E. 386; *Brown v. Montgomery Ward & Co.,* 217 N.C. 368, 8 S.E. 2d 199; *Hunt v. Meyers Co.,* 201 N.C. 636, 161 S.E. 74; *Baskin v. Montgomery Ward & Co.,* 104 Fed. 2d 531. And when the term "reasonably" is used in this connection it is not intended thereby to relax the standard of the ordinarily prudent man, by way of euphemism. It means the same thing.

As we have said, the use of the premises and facilities by plaintiff was no more than might be assumed to be within the scope of the invitation, usual with an establishment of that kind, and the visit appears to have been for the ultimate mutual advantage to the parties. *Pafford v. Construction Co.,* 217 N.C. 730, 9 S.E. 2d 408. We see no violation of that principle in the approach of the plaintiff to the manager's desk for the purposes declared.

On this point the following from *Coffer v. Bradshaw,* 46 Ga. App. 143, 148, 167 S.E. 119, is pertinent and sound:

> "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe."

> "The duty of the owner as occupier of premises to keep the premises safe for invitees extends to all portions thereof which the invitee may use in the course of the business for which the invitation is extended." *Sheffield Co. v. Phillips,* 69 Ga. Ap. 41, 24 S.E. 2d 834. 38 Am. Jur., "Negligence," sec. 132, Anno. 100, A.L.R. 715.

We think, considered in the light most favorable to plaintiff, the evidence contains inferences of negligence which should have been submitted to the jury.

The judgment of nonsuit is
Reversed.