CELESTER H. SHAW v. THE J. F. WARD COMPANY.

(Filed 27 November 1963.)

1. **Negligence § 37b—**

A store proprietor is not an insurer of the safety of customers but is under duty to exercise ordinary care to keep the premises in reasonably safe condition and to give warning of hidden perils or unsafe conditions so far as he can ascertain them by reasonable inspection and supervision, but he is not required to give warning of conditions that are obvious.

2. **Negligence § 37f—**

Evidence that the steps in defendant's store were illuminated by natural light from a glass door and window in front and half a glass door in the rear and by flourescent light, except to the extent of shadows caused by the guard rail, that the wooden step was worn to a depth of one-quarter to one-half inch by long use, with testimony of plaintiff that she did not know at the time she fell what caused her to fall but that she concluded, based upon an inspection some 45 days after the accident, that she fell because the step was worn and slick, *is held* insufficient to be submitted to the jury on the issue of negligence.

APPEAL by plaintiff from *Gambill, J.,* February 25, 1963, Civil Session, DAVIDSON Superior Court.

Civil action to recover damages for personal injury. At the close of plaintiff's evidence the court entered judgment of compulsory nonsuit, from which the plaintiff appealed.

*Walser and Brinkley, by Gaither S. Walser for plaintiff appellant.. DeLapp & Ward for defendant appellee.*

HIGGINS, J. The plaintiff, an invitee, was injured in a fall as she descended the wooden steps between the first and the second floors of

defendant's department store. She alleged: "That said second step was loose and would give under pressure and the cupped, loose, worn, depressed and uneven area was very slick from constant wear."

The plaintiff testified: "When I came down the stairway, I had my hand on the rail. When I got to the second step from this little platform where you step on before you go down into the store, my foot slipped off the step and I fell. It was my right foot that slipped off. . . . At that point the steps were worn and slick and on the edge they were splintering; on the edge of the step I slipped off of it is worn out in the middle where it has been walked on a lot. I did not observe the condition of the step that day but did go back on February 19th and again on February 23rd. . . . There was a sloping on the second step, and I would say the sloping was from a quarter of an inch to a half inch due to the worn out condition. . . . The hand rail casts a shadow. . . . I would say that I have been trading there maybe four or five years, something like that, and during that time I have gone to the upstairs department when I went to the store. Much of the ladies' wear is upstairs and when I would go upstairs, I would walk up these steps and down these steps. . . . As to how deep it was worn, I would say down where it is worn the most it would be at least a quarter of an inch."

In reply to a question by the court, the plaintiff said she didn't know at the time of her fall (January 3, 1962) what caused the fall. But when she returned to the store on February 19, 1962, and saw the condition of the steps she then concluded that their worn and slick condition caused the fall and resulting injury.

Does this evidence and the legitimate inferences from it disclose the injury was proximately caused by the defendant's negligence as alleged? If the answer is no, then we need not consider defendant's conditional defense that plaintiff was familiar with the steps, inattentive to those conditions, which were obvious, and her inattention was a contributing cause to her fall and injury.

"The proprietor of a store is not an insurer of the safety of customers while on the premises. But he does owe to them the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to 'give warning of hidden perils or unsafe conditions in so far as can be ascertained by reasonable inspection and supervision'." *Case v. Cato's*, 252 N.C. 224, 113 S.E. 2d 320; *Hood v. Coach Co.*, 249 N.C. 534, 107 S.E. 2d 154; *Ross v. Drug Store*, 225 N.C. 226, 34 S.E. 2d 64. "Where a condition of the premises is obvious . . . generally there is no duty on the part of the owner . . . to warn of that condition." *Garner v. Greyhound Corp.*, 250 N.C. 151, 108 S.E. 2d 461.

In the instant case the plaintiff was familiar with the stairway. She had been using it regularly for four or five years. She had gone up the steps moments before she fell on the way down. A glass door and windows in front, and a half-glass door in the rear admitted natural light. Flourescent light illuminated the stairway except to the extent of shadows cast by the guard rail. The time was 12:00 o'clock noon. According to the plaintiff's own evidence she did not know at the time she fell what had caused her fall. The evidence she gave was a conclusion she drew from an examination she made 45 days after her accident. At most the evidence indicated a wooden step worn by long use to the depth of one-quarter to one-half inch.

When tested by the rules of liability approved by this Court in the foregoing cases and many others which are cited therein, we conclude the evidence was insufficient to permit any inference of actionable negligence on the part of the defendant. The judgment of nonsuit is

Affirmed.