GERTRUDE JONES v. PINEHURST, INC., T/A CAROLINA HOTEL.

(Filed 8 April, 1964.)

1. **Negligence § 37b—**

   The proprietor is not an insurer of the safety of his customers while on the premises but owes them the duty to exercise ordinary care to keep the premises in reasonably safe condition and to give warning of hidden perils so far as he can ascertain them by reasonable inspection and supervision, but he is not under duty to give warning of obvious conditions.

2. **Negligence § 37f—**

   Evidence tending to show that defendant provided a speaker's platform elevated a foot from the floor, that the platform touched the radiators at the back but left some 14 inches between it and the wall, and that plaintiff, in leaving the speaker's platform at the banquet by the same route she had used in going to her seat, fell when she stepped off or her foot slipped off the rear of the platform, that plaintiff did not look where her feet were, and without evidence of any defect in the platform or of any foreign substance or defect in the floor of the platform, *is held* insufficient to be submitted to the jury on the issue of negligence.

APPEAL by plaintiff from *Clarkson, J.*, August 19, 1963 Regular Schedule "B" Session, MECKLENBURG Superior Court.

The plaintiff brought this civil action to recover damages for personal injury she sustained in a fall as she was leaving the speaker's platform at the conclusion of a banquet given by the North Carolina Dairy Products Association at the Carolina Hotel in Pinehurst.

The plaintiff alleged:

> "That said banquet room was arranged and set up by the defendant with chairs, tables, and various equipment and furnishings for approximately 200 people and at one end the defendant constructed a platform approximately one foot in height upon which were placed tables and chairs for the speaker's table; that defendant by reason of location of said tables and chairs on said platform provided a narrow walkway along the rear of said platform as the only means of ingress and egress to the place settings at the speaker's table; that the rear of said platform was located approximately 18 inches from the wall immediately to the rear of the speaker's table; that said platform was approximately forty feet in length . . .
>
> ". . . (P)laintiff was assigned a seat at said speaker's table; that the persons to be seated at the speaker's table entered along said narrow walkway from the right and plaintiff was seated approximately 15 feet from the left end of same; that at the conclusion of the meeting plaintiff . . . proceeded to her right along said narrow walkway to leave said speaker's platform; that after taking several steps plaintiff's right foot suddenly slipped off the rear of said platform throwing her off balance to her side and back against the wall and floor resulting in painful injuries to her as heretofore set forth."

The plaintiff further alleged the defendant was negligent in that it failed: (1) to provide safe means of entering and leaving the speaker's table; (2) to provide adequate lighting; (3) to mark the platform and floor in contrasting colors; (4) to place the platform against the wall.

The defendant denied all specifications of negligence and alleged the plaintiff caused or contributed to her fall and injury by her negligent failure to see the obvious and by failure to look where she was placing her feet.

The plaintiff testified she had been assigned the seat on the platform with about 20 others. She stepped up on the platform and walked behind the chairs until she found her placecard three seats beyond the podium in the center of the table. "I was looking at the table which was to my right. . . . I was not at any time directly looking at the floor where my feet were touching and moving."

"Question: And as you got up after the banquet was over . . . to leave the platform you were not looking any more than you had been when you took your seat?"

"Answer: I was looking directly at the person in front of me because I was in line to leave . . . When my turn came to leave, following the person directly in front of me, I proceeded to leave the platform. . . . I took some few steps, and the last step I took—and, of course, this platform was so arranged that we walked slowly on it—my foot slipped from the edge of the platform . . . I fell against the outer wall. . . . My foot, as I went off, struck something." (small serving stand).

The rear of the platform did not touch the wall. Five or six pilasters along the wall extended out from it a few inches and two radiators extended outward a few inches further. The rear of the platform was in contact with the radiators — almost in contact with the pilasters — but 14 to 18 inches from the wall, later corrected by one of plaintiff's own witnesses to 14 inches. There was a small serving tray stand in this space near where the plaintiff fell. The platform was constructed of plywood approximately 40 or 45 feet long, seven feet wide, and approximately 12 inches above the main floor.

The plaintiff introduced medical testimony of her injuries, including cost of hospital treatment for them.

At the close of the plaintiff's evidence the court entered judgment of compulsory nonsuit. The plaintiff appealed.

*Louis A. Bledsoe, Jr., Joseph A. Moretz for plaintiff appellant.*

*Carpenter, Webb & Golding by William B. Webb, James P. Crews for defendant appellee.*

HIGGINS, J. The record fails to disclose either allegation or proof the speaker's platform was defective either in design or in construction. The rear of the platform did not extend to the wall. However, it did extend to and make contact with the radiators and almost with the pilasters. The platform was elevated above the level of the main floor in order to facilitate proceedings incident to conventions, meetings, and banquets. The plaintiff often accompanied her husband to such meetings where he was the master of ceremonies or the principal speaker. "I frequently sat with him at the head table upon a platform." This, however, was her first experience at Pinehurst.

Not only was the plaintiff familiar with elevated platforms, but on this particular occasion she fell in the simple process of retracing the steps she had taken as she entered. Her foot slipped. Why? She offers

no explanation. In so far as the evidence discloses, the platform was level and without defects. The plaintiff does not claim her foot slipped because of any foreign substance on, or defect in, the floor. Whether she slipped or stepped off the edge of the platform is not clear. But according to her own evidence, in entering and in attempting to leave, she did not look where she was placing her feet.

The allegation of insufficient lighting is not substantiated by the evidence. The plaintiff's evidence disclosed the banquet room was well lighted by a number of chandeliers, one near the podium. Moreover, any inadequacy of the lights should have increased her vigilance.

Likewise without force is the plaintiff's allegation that the platform and the floor should have been in contrasting colors. The plaintiff did not fall in attempting to step on or off the platform. Since she did not look anyway, contrast in colors probably would have escaped her attention — rather her inattention. She makes no claim of having been deceived by an optical illusion. The rear of the platform was against the radiators and near the cream-colored pilasters extending out from a light green wall, leaving an open space of about 14 inches. The plaintiff, if she had been at all attentive, could have discovered this open space. Actually there was a serving cart and tray in the space where she fell. She did not see the open space because, as she testified, she "had no reason to look." And again, "Prior to the time that my foot was injured I had not observed the rear edge of the platform."

"The proprietor of a store is not an insurer of the safety of the customers while on the premises. But he does owe to them the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to 'give warning of hidden perils or unsafe conditions in so far as can be ascertained by reasonable inspection and supervision'." *Shaw v. Ward Co.,* 260 N.C. 574, 133 S.E. 2d 217; *Hood v. Coach Co.,* 249 N.C. 534, 107 S.E. 2d 154; *Ross v. Drug Store,* 225 N.C. 226, 34 S.E. 2d 64. "Where a condition of the premises is obvious . . . generally there is no duty on the part of the owner . . . to warn of that condition." *Shaw v. Ward Co., supra.*

Damages resulting from a breach of duty must be proved. "The mere fact that a step up or down, or a flight of steps up or down, . . . is no evidence of negligence, if the step is in good repair and in plain view." *Garner v. Greyhound Corp.,* 250 N.C. 151, 108 S.E. 2d 461.

The plaintiff has failed to make out a case of negligence on the part of the defendant. We need not consider, therefore, the further defense of contributory negligence. The judgment of nonsuit is

Affirmed.