MARY SIKES YORK v. CLARENCE E. MURPHY and DOROTHY ROGERS
MURPHY.

(Filed 19 May, 1965.)

**1. Negligence § 37b—**

The proprietor of a business has the duty to persons visiting the premises for business purposes to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection.

**2. Same—**

While each case must be determined on its own particular facts, the existence of a step on the premises because of a difference between levels, in the absence of some unusual condition, does not violate any duty to invitees.

**3. Negligence § 37f—**

Evidence tending to show that plaintiff had previously been on the premises on several occasions, that on the occasion in suit she arrived at the premises just before dark, that after a conference she left defendant in his office, walked some eight feet from the door along a concrete walk and fell when she did not see a step from the walk to the parking lot because it had become dark and no lights had been turned on, *held*, insufficient to be submitted to the jury on the issue of defendant's negligence.

APPEAL by defendants from *Hobgood, J.,* October, 1964 Civil Session, BRUNSWICK Superior Court.

The plaintiff instituted this civil action to recover damages for physical injuries she sustained in a fall as she attempted to leave the defendants' office located on the ground floor of the Murphy Ocean Front Hotel. She and her companion parked the automobile in the asphalt parking space a very short distance from the office door. The time, June 5, 1962; the hour, just as it "was beginning to get dark." The purpose of the plaintiff's visit was to confer with Mr. Murphy "on a matter of business related to certain defects in the construction of a beach home that defendants . . . had built for the plaintiff and her husband." The conference lasted 30 to 40 minutes, during which time it became dark. No lights had been turned on to illuminate the cement porch or walk along the outside of the building, between the building and the parking lot. The porch or concrete walk was five feet wide. Parking spaces were marked off abutting this concrete walk.

The plaintiff testified that after parking "in the last space (nearest the office door) we went straight into the office door. . . . When I left the door of his office we turned to the right and went straight on out towards the entrance to the parking lot. When we left the office the only light on was the street light. . . . I don't recall where they were on the street, . . . but they gave just a little bit of light, but not

much . . . at the point where I fell there was about a five and one-half inch step. I stepped down and it throwed me for a loop."

The plaintiff's evidence placed the step eight to twelve feet from the office door. The plaintiff admitted she had been a guest in the hotel on three occasions prior to her injury. About six months before she was injured she had occupied a room on the second floor of the hotel and had used the stairway, the entrance to which was located at the place where she fell. She had been a guest on two later occasions for two or three days each while her beach home was being built.

The plaintiff based her right to recover upon showing serious injuries in consequence of her fall which she alleged was proximately caused by the negligent failure of the defendants "to use due care to provide for their customers, guests, and other invitees, and particularly the plaintiff, a reasonably safe method of entrance and exit to and from the defendants' office."

The defendants, by answer, denied negligence and by way of further defense pleaded contributory negligence on the part of the plaintiff. After overruling motions for nonsuit, the court submitted issues of negligence, contributory negligence, and damages, all of which were answered for the plaintiff. From the judgment entered in accordance with the verdict, the defendants appealed.

*James C. Bowman* for *plaintiff appellee.*
*Hogue, Hill & Rowe* by *C. D. Hogue, Jr., Ronald D. Rowe* for *defendant appellants.*

Higgins, J. The plaintiff alleged her fall and the resulting injuries were proximately caused by the negligent failure of the defendants to provide for the plaintiff, an invitee, a reasonably safe means by which to enter and leave their business office. Specifically she insists the five and one-half inch step in the concrete walk was insufficiently lighted on the occasion of her injury and hence was unsafe.

The evidence in the record is sufficient to warrant the finding the plaintiff, on the occasion of her injury, was an invitee. The defendants were under the duty, therefore, "to exercise ordinary care to keep the premises in a reasonably safe condition and 'to give warning of hidden perils or unsafe conditions in so far as can be ascertained by reasonable inspection.'" *Jones v.. Pinehurst,* 261 N.C. 575, 135 S.E. 2d 580; *Shaw v. Ward,* 260 N.C. 574, 133 S.E. 2d 217; *Garner v. Greyhound,* 250 N.C. 151, 108 S.E. 2d 461.

Each personal injury action must be decided on its own facts. Seldom do we find two cases factually alike. Nevertheless, court decisions serve to locate, with some degree of distinctness, the dividing ·line separating

the cases in which the facts are sufficient, from those in which they are insufficient, to permit a finding of actionable negligence. This Court has held, "The mere fact that the plaintiff fell and suffered injuries . . . when she stepped from the higher level to the lower level . . . raises no inference of negligence against the defendant. . . . Generally, in the absence of some unusual condition, the employment of a step by an owner of a building because of a difference between levels is not a violation of any duty to invitees. . . . Different floor levels in public and private buildings, connected by steps, are so common that the possibility of their presence is anticipated by prudent persons. The construction is not negligent unless by its character, location, or surrounding circumstances a reasonably prudent person would not be likely to expect a step or see it." *Reese v. Piedmont, Inc.*, 240 N.C. 391, 82 S.E. 2d 365.

The plaintiff entered the defendants' office from her automobile parked a few feet to the left of the door. In leaving she turned right and encountered the step eight feet from the office. She was, or should have been, familiar with her surroundings. She lived one block away. She had been a guest in the hotel on three occasions. On one occasion she had occupied a room on the second floor. The stairway to and from that room joined the concrete walk at the step. "When a person has knowledge of a dangerous condition, a failure to warn him of what he already knows, is without significance." *Jones v. Aircraft Co.*, 253 N.C. 482, 117 S.E. 2d 496; *Petty v. Print Works*, 243 N.C. 292, 90 S.E. 2d 717.

According to plaintiff's evidence, she entered defendants' office "when it was getting dark." The defendant was already there. He was still there when she left after a stay of about 30 minutes. She had moved approximately eight feet from the door before she fell. She was timing the events. The sequence allowed the defendant at most a very few seconds in which to provide additional light on the plaintiff's pathway to her automobile. Apparently the plaintiff's need for more light accurred neither to her nor to Mr. Murphy, the defendant. Failure to turn on more light in so short a time can not serve as a sound basis for actionable negligence in this case.

The motion for nonsuit should have been allowed.

Reversed.