ANNIE LONG v. METHODIST HOME FOR THE AGED, INC.

No. 57

(Filed 12 April 1972)

1. Negligence § 52— private-duty nurse — invitee
      A nurse employed by the family of a nursing home patient was
   an invitee while in the nursing home.

2. Negligence §§ 5.1, 53— duties to invitees
      While the operator of a nursing home does not insure the safety
   of his invitees, he must exercise ordinary care to keep his premises
   in such reasonably safe condition as not to expose them unnecessarily
   to danger, and must give warning of any hidden danger or unsafe
   condition of which he has knowledge, express or implied.

3. Negligence §§ 5.1, 53— duties to invitees — warning — obvious condition
      Where a condition of the premises is obvious, there is generally
   no duty on the part of the owner to warn of such condition.

4. Negligence §§ 5.1, 57— invitee — negligence by nursing home operator
   — insufficiency of evidence
      In an action to recover for personal injuries allegedly sustained
   by a private-duty nurse in a fall in defendant's nursing home, plain-
   tiff's evidence was insufficient to be submitted to the jury on the
   issue of defendant's negligence where it tended to show that plaintiff
   overloaded a commode with toilet tissue and kept working the flushing
   lever, causing continuous and heavy overflow onto the floor of the
   patient's room, that an orderly employed by defendant removed the
   obstruction, that plaintiff mopped a portion of the floor, and that
   she slipped and fell when she stepped in water that had run from
   under a wardrobe.

ON *certiorari* to the Court of Appeals to review its decision (10 N.C. App. 534, 179 S.E. 2d 3) reversing the judgment for the plaintiff entered in the Superior Court of UNION County by *Brewer, J.,* at the August 17, 1970 Session. This case was docketed and argued at the Fall Term 1971 as No. 33.

The plaintiff, Annie Long, instituted this civil action in the superior court to recover damages on account of personal injury she alleges she sustained while engaged in the discharge of her duties as a nurse for Mamie Jones, a bedridden, mentally, and physically helpless patient in the Wesley Nursing Center, a wholly owned nursing unit of the defendant, Methodist Home for the Aged, Inc.

Although the plaintiff was employed by the family of the helpless patient, she was governed by the regulations of the

defendant. On the third day of the plaintiff's employment, her patient "messed up" the bed and floor around the bed. The plaintiff in her clean-up operations, made liberal use of toilet tissue which, after use, she deposited in the commode. When the plaintiff attempted to flush the commode, the amount of paper completely stopped the flow of water through the exit. As a result water overflowed the bathroom and the floor of the patient's room.

The plaintiff testified: "After I attempted to flush the toilet tissue down the commode, the water ran over the edge . . . onto the bathroom floor. I jiggled the lever some more to try to get the paper on down. When I did that, the water kept coming out. . . . (E)very time I would jiggle the lever some more the water would keep coming out, it never quit." The plaintiff called an orderly who unstopped the commode by the use of a hook made from a coat hanger. The plaintiff obtained a mop and by its use partially succeeded in removing the water from the floor of the rooms.

The plaintiff describing her accident testified: "While I was using the mop and wringing it out in the bathtub, it was necessary for me to walk through the water. . . . I had on nurses' oxfords . . . . The soles of my shoes were wet . . . . I started out of the bathroom, and when I did I stepped in that water that was running from under the wardrobe, and I fell. . . . At the time I fell I knew that I was walking on a wet floor. . . . I was aware that the floor was extremely slippery. . . . "

As a result of the fall the witness was injured. She offered both lay and medical testimony with respect thereto, including the expense for treatment.

At the close of the evidence the defendant moved for a directed verdict in its favor on the grounds, (1) the plaintiff had failed to offer evidence of defendant's negligence and (2) on the alternative ground the plaintiff's evidence disclosed her contributory negligence as a matter of law. The court denied the motions and submitted proper issues to the jury which answered them in plaintiff's favor. The court, after refusing to set the verdict aside, signed judgment awarding the plaintiff $8,000.00 in damages. The defendant filed many exceptions to the charge. On review, the Court of Appeals reversed the judgment holding

the evidence of negligence insufficient to sustain the verdict and judgment.

*Griffin & Clark by Robert B. Clark for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by James P. Crews for defendant appellee.*

HIGGINS, Justice.

[1, 2] The evidence before the jury was sufficient to place the plaintiff at the time of her injury in the status of an invitee in the defendant's nursing home. While the proprietor or owner of premises does not insure the safety of his invitees, nevertheless he is under the duty of exercising ordinary care to keep his premises in such reasonably safe condition as not to expose them unnecessarily to danger. He is under the obligation to give warning of any hidden danger or unsafe condition of which he has knowledge, express or implied. Strong's Index 2d, Vol. 6, Negligence. § 53. Duties and Liability to Invitees. (Citing many cases.) *Gordon v. Sprott,* 231 N.C. 472, 57 S.E. 2d 785.

[3] While there is a duty on the part of the owner to warn invitees of hidden danger, "Where a condition of the premises is obvious . . . generally there is no duty on the part of the owner . . . to warn of that condition." *Shaw v. Ward Co.,* 260 N.C. 574, 133 S.E. 2d 217. See also *Wrenn v. Convalescent Home, Inc.,* 270 N.C. 447, 154 S.E. 2d 483; *Jones v. Pinehurst, Inc.,* 261 N.C. 575, 135 S.E. 2d 580; *Garner v. Greyhound Corporation,* 250 N.C. 151, 108 S.E. 2d 461; and *Harris v. Department Stores Co.,* 247 N.C. 195, 100 S.E. 2d 323.

[4] In this case the plaintiff not only knew of the slick and slippery condition of the floor, but she had actually caused that condition. There is neither allegation nor evidence the commode in the bathroom was defective or not in good working order. Actually the plaintiff overloaded it with toilet tissue and kept working the flushing lever causing a continuous and heavy overflow. When she called for help, an orderly appeared (though she claimed not promptly) and by the use of a hook made from a coat hanger he removed the obstruction. Although she knew the floor was wet and slippery, of which condition the owner had no knowledge, nevertheless she seeks to charge the defendant with liability. "And, ordinarily, it is only when

the dangerous condition or instrumentality is known to the occupant (owner), or in the exercise of due care should have been known to him, and not known to the person injured, that a recovery may be permitted." *Revis v. Orr,* 234 N.C. 158, 66 S.E. 2d 652.

A fair examination of the evidence convinces us that an inference of actionable negligence on the part of the defendant cannot be drawn from the evidence offered. The court should have entered judgment for the defendant. The decision of the Court of Appeals is correct and is

Affirmed.