JEANNIE RAPPAPORT v. DAYS INN OF AMERICA, INC.

No. 7716SC537

(Filed 6 June 1978)

**Negligence § 57.11— fall in motel parking lot—insufficient evidence of negligence**

In an action to recover for personal injuries sustained by plaintiff when she fell in the parking lot of defendant's motel, evidence was insufficient to support a finding of negligence by defendant which was the proximate cause of plaintiff's injuries, since plaintiff's evidence that she fell while walking in darkness in defendant's parking lot left the cause of her fall a matter of conjecture; it was not negligence for defendant to construct a sidewalk adjacent to its motel building elevated six or seven inches above the adjoining parking lot; and plaintiff's evidence left unexplained why the lighting in the parking lot, which was adequate for her companions, was inadequate for her.

Judge WEBB dissenting.

APPEAL by plaintiff from *Smith (Donald L.), Judge.* Judgment entered 3 March 1977 in Superior Court, ROBESON County. Heard in the Court of Appeals 31 March 1978.

Plaintiff brought this action to recover damages for personal injuries sustained by her on 25 March 1976 when she fell on the

parking lot of defendant's motel. She alleged that her fall and resulting injuries were proximately caused by defendant's negligence in designing and maintaining an area in the parking lot outside of its motel building without proper lighting, in failing to inspect the parking area to insure that it was properly lighted, in failing to warn plaintiff of inadequate lighting and of raised portions of the pavement in the area where plaintiff was directed to park, and in designing different levels of pavement where inadequate lighting was provided. Defendant denied that it was negligent and pled plaintiff's contributory negligence.

Plaintiff presented evidence to show the following: On 25 March 1976 plaintiff, who was then 82 or 83 years old, was travelling by automobile with her daughter and son-in-law from Maryland to Florida. At approximately 9:00 p.m. they stopped for the night at defendant's motel in Lumberton, N.C. None of them had previously been there. After registering, plaintiff's son-in-law drove to the rear of the motel to the general area where he had been directed to park for the second floor rooms to which they had been assigned. He parked the car on the asphalt paved parking lot up against a concrete walkway which was adjacent to the motel building. This walkway was elevated approximately six to seven inches above the level of the asphalt paved parking lot. The weather was clear and warm. It was very dark. Where they parked, the only lights on the outside of the motel were those on the upper and lower porches, but some obstruction prevented those lights from shining on the area where the car was parked. Two spotlights on the brick wall in the immediate vicinity were not burning. Before turning out the headlights on the automobile, defendant's son-in-law saw the step-up or rise in the concrete sidewalk but made no comment to the other passengers in the car about that rise.

After parking the automobile and turning off its headlights, plaintiff's son-in-law got out of the car, opened the trunk, and took out three bags. He and plaintiff's daughter then walked toward their rooms carrying the bags, with plaintiff's daughter walking in front. Plaintiff, who had been riding as a passenger in the rear seat of the automobile, got out of the car and followed them, walking ten to fifteen feet behind her son-in-law. As she did so, she fell and was injured. Plaintiff's son-in-law heard her cry out and ran back to her. He found her in a seated position on the pave-

ment of the parking lot at a spot directly opposite the front door of their car and within a couple of feet of the concrete walk.

Plaintiff testified:

> I was walking and I made a step, I think, or it was so dark that I couldn't see what it was. And I must have put my foot on the little place there. All I know is that I fell back. . . .
>
> When I fell back I hit nothing but pavement. I do not know whether it was asphalt or on concrete that I hit.

*   *   *

> I fell approximately eight to six feet from the building but I cannot be too sure.

*   *   *

> In describing exactly what cause me to fall, all I can say is that it was dark and it must have been a step there that I missed, that I didn't see. And I fell back.

*   *   *

> . . . I do not know what I fell over, and all I know is that I was trying to get up. I didn't know what was there because it was dark and I fell back, and could not see what I fell on. . . . The location of my fall was probably a couple of feet away from the automobile. I fell as I was taking a step upward, but I am not sure whether it was upward or straight. I felt something there but I didn't know whether there was a step there or not but I knew that I didn't make it.

*   *   *

> . . . When I walked around the car it was pitch dark there. If there were lights and light fixtures where I fell and if they were burned out I do not know when they were burned out. There was nothing hidden about the fact that it was dark outside and I did realize that it was dark, and I proceeded where I was going.

*   *   *

At the time that I fell I was looking in front of me. I can't say that I was looking just straight ahead but I was walking like anybody walks. I didn't look at my feet, I was just walking. I was looking straight ahead because I was walking and I thought it was straight.

Plaintiff's son-in-law, Leon Sherman, testified:

I would not say it was too dark for me to see, and I knew about the rise in the sidewalk from the parking area because I saw it when I pulled my car in the parking space. . . .

\* \* \*

The three of us moved toward the motel and neither I nor my wife had any problem.

Plaintiff's daughter testified:

I saw my mother when she got out of the automobile. I saw her walk toward the front of the car and then I saw her turn around and walk toward the back of the car around the trunk and Mr. Sherman had already closed the trunk and I was ahead of him. I walked ahead because I had the keys. I could see well enough to know that my mother was walking fine and had no problem once she got out of the car. . . .

\* \* \*

My mother is a very spry lady, and despite not seeing any lights I left her and I don't have any idea what she fell over or how she fell, but she fell. . . . I knew that the lighting condition on that night was dark but I was able to walk toward my room in the lighting conditions that were there. There was nothing concealed about the lighting conditions.

At the close of plaintiff's evidence, defendant moved for a directed verdict on the grounds that plaintiff's evidence failed to disclose any actionable negligence on the part of the defendant and showed that plaintiff was contributorily negligent as a matter of law. The court allowed the motion, and plaintiff appealed.

*John CB. Regan III for plaintiff appellant.*

*Anderson, Broadfoot and Anderson by Hal. W. Broadfoot for defendant appellee.*

Rappaport v. Days Inn

PARKER, Judge.

The question presented is whether plaintiff's evidence, considered in the light most favorable to her, was sufficient to support a finding of negligence by the defendant which was the proximate cause of plaintiff's injuries. We agree with the trial court's conclusion that it was not.

"An innkeeper is not an insurer of the personal safety of his guests." *Page v. Sloan*, 281 N.C. 697, 702, 190 S.E. 2d 189, 192 (1972). He is only required to exercise due care to keep his premises in a reasonably safe condition and to give his guests or invitees warning of any hidden peril or unsafe condition of which he has knowledge or which he could discover by reasonable inspection and supervision. *Jones v. Pinehurst, Inc.*, 261 N.C. 575, 135 S.E. 2d 580 (1964); *Barnes v. Hotel Corp.*, 229 N.C. 730, 731, 51 S.E. 2d 180, 181 (1949). Moreover, "[t]here is no presumption or inference of negligence from the mere fact that an invitee fell to his injury while on the premises, and the doctrine or res ipsa loquitur does not apply to a fall or injury of a patron or invitee on the premises, but the plaintiff has the burden of showing negligence and proximate cause, and in this connection allegations of negligence in aspects not supported by the evidence must be disregarded." 9 Strong's N.C. Index 3d, Negligence § 53.4, pp. 482-83.

Plaintiff's evidence in the present case, even when viewed in the light most favorable to her, leaves the cause of her fall a matter of conjecture. The theory advanced by her counsel is that she fell when she walked forward in the darkness and stumbled against the raised concrete walkway adjacent to the motel building, but her evidence leaves it to speculation whether this occurred. Plaintiff had the burden to show the cause of her fall. She failed to carry that burden.

Even if it be assumed that plaintiff fell in the manner her counsel contends, still her evidence fails to show that her fall and resulting injuries were caused by any actionable negligence on the part of the defendant. It was not negligence for the defendant to construct and maintain a concrete walkway adjacent to its motel building elevated some six or seven inches above the adjoining parking lot. Such walkways, requiring a step up by one walking from the parking area to the motel building, are so com-

mon that the possibility of their presence should be anticipated by prudent persons. " 'Generally, in the absence of some unusual condition, the employment of a step by the owner of a building because of a difference between levels is not a violation of any duty to invitees.'" *Reese v. Piedmont, Inc.*, 240 N.C. 391, 395, 82 S.E. 2d 365, 368 (1954); *accord, York v. Murphy*, 264 N.C. 453, 141 S.E. 2d 867 (1965); *Garner v. Greyhound Corp.*, 250 N.C. 151, 108 S.E. 2d 461 (1959).

Plaintiff alleged that defendant was negligent in failing to provide proper lighting, and she presented evidence that two spotlights on the brick wall in the vicinity where she fell were not burning. However, she presented no evidence to show how long these had been out or to show that defendant knew the spotlights were out or should have discovered this by reasonable inspection. Her evidence leaves unexplained why the lighting, which was adequate for her companions, was inadequate for her. We find plaintiff's evidence insufficient to show that any negligence of the defendant was the proximate cause of her injuries.

*Drumwright v. Theatres, Inc.*, 228 N.C. 325, 45 S.E. 2d 379 (1947), cited and relied on by plaintiff, is distinguishable on its facts. In that case the plaintiff fell inside a darkened theatre when her foot slipped on a step of uneven width while she was walking down the aisle in the balcony where she had been directed to go by an usher. A majority of our Supreme Court reversed judgment of nonsuit for the defendant. In that case the plaintiff's evidence disclosed the exact cause of her fall, the precise place it occurred, and the fact that defendant's employee had directed her to go to the very place where she fell and was injured. In the present case plaintiff's fall occurred, not in the darkened interior of a building, but out of doors; the cause of her fall is left to conjecture; the place where it occurred is not precisely fixed; and, finally, plaintiff and her companions were directed by defendant's employees only as to the general area where they should go. We do not consider *Drumwright v. Theatres, Inc.*, as controlling on the facts of this case.

Since we find that plaintiff's evidence was insufficient to permit any inference of actionable negligence on the part of the defendant, it is not necessary that we pass on defendant's additional contention that plaintiff's evidence disclosed her con-

tributory negligence as a matter of law. The judgment directing verdict for defendant is

Affirmed.

Judge VAUGHN concurs.

Judge WEBB dissenting.

I dissent because I believe we are bound by *Drumwright v. Theatres, Inc.*, 228 N.C. 325, 45 S.E. 2d 379 (1947). In that case, the patron of a movie theatre was directed to the balcony by an usher. The balcony was dark and there were no floor lights or seatlights. The steps were uneven in width—the succession being a narrow step, then a wider step. The plaintiff took a false step and fell when she thought she was on a wide step rather than a narrow one. The Supreme Court held that on this evidence, the case should have gone to the jury. I believe *Drumwright* is factually indistinguishable from this case. In each case, the plaintiff entered the premises of the defendant as a business invitee; the plaintiff was directed to an area of the premises by an agent of the defendant; the plaintiff could be expected to walk through a dark area of the premises, and there was an irregularity in the area in which the plaintiff was to walk.

The majority opinion holds that the cause of the plaintiff's fall is left to speculation by the evidence. I believe that the evidence that the plaintiff was walking toward the curb, and immediately after the fall she was found approximately a "couple" of feet from the curb is sufficient upon a fair and reasonable consideration to permit the jury to find that the plaintiff tripped on the curb. *Moore v. Moore*, 268 N.C. 110, 150 S.E. 2d 75 (1966).