McINTOSH v. CAREFREE CAROLINA COMMUNITIES

[98 N.C. App. 653 (1990)]

―――――――――――

FRANK S. J. McINTOSH, PLAINTIFF v. CAREFREE CAROLINA COMMUNITIES, INC., DEFENDANT v. R. P. THOMAS, THIRD PARTY DEFENDANT

No. 8929SC210

(Filed 5 June 1990)

**Negligence § 59.1 (NCI3d) — retirement community — political rally in clubhouse — attendee as licensee**

Plaintiff was a licensee rather than an invitee while he was on the premises of defendant's retirement community where

he went to the retirement community clubhouse for a political rally in response to a paid political advertisement, notwithstanding defendant had signs, literature and salespeople at the rally promoting the sale of available units in the retirement community and plaintiff was of retirement age. Therefore, defendant had the duty only to refrain from willfully or wantonly injuring plaintiff and from increasing the hazard to him while he was on the premises, and defendant was not liable for injuries received by plaintiff in a fall on a flagstone walkway allegedly caused by broken flagstones.

**Am Jur 2d, Premises Liability §§ 87-113.**

Judge GREENE dissenting.

APPEAL by plaintiff from judgment entered 6 October 1988 by *Judge Robert D. Lewis* in TRANSYLVANIA County Superior Court. Heard in the Court of Appeals 20 September 1989.

*Adams, Hendon, Carson, Crow & Saenger, P.A., by Martin K. Reidinger and Lori M. Glenn, for plaintiff-appellant.*

*Harrell & Leake, by Larry Leake, for defendant-appellee.*

*Prince, Youngblood, Massagee & Jackson, by Sharon B. Ellis and Boyd B. Massagee, Jr., for third-party defendant-appellee.*

PARKER, Judge.

The sole issue on appeal in this action in which plaintiff seeks to recover for personal injuries arising out of a fall on defendant's premises is whether the trial court erred in entering summary judgment for defendant. Summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *McCurry v. Wilson*, 90 N.C. App. 642, 643, 369 S.E.2d 389, 391 (1988). The moving party may meet this burden by showing that an essential element of the non-moving party's claim or defense is nonexistent. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 470, 251 S.E.2d 419, 421 (1979).

In the instant case the depositions, affidavits and testimony presented at the hearing on the motion showed the following facts: Defendant Carefree Carolina Communities, Inc. (herein "Carefree"), operates a retirement community. Third party defendant R. P. Thomas contacted defendant's agent, who agreed to allow Thomas

McINTOSH v. CAREFREE CAROLINA COMMUNITIES

[98 N.C. App. 653 (1990)]

to use the clubhouse on defendant's premises for a political rally held on 16 October 1984 in connection with Thomas's re-election campaign. Plaintiff attended the rally in response to an advertisement run in the local newspaper by the committee to re-elect Thomas. At the event defendant had signs, literature and salespeople promoting the sale of available units in the retirement community.

As plaintiff was leaving the clubhouse around 7:00 p.m., he slipped and fell on a flagstone walkway. According to plaintiff's deposition testimony, some of the flagstones were broken and these broken flagstones created a hole one to three inches deep and eight to twelve inches wide. This hole was partially covered by fallen leaves. At the time of the accident, plaintiff was 75 years old, and he stated that he attended the function "[f]or the good of the party."

Plaintiff's status on defendant's premises is determinative of the duty defendant owed plaintiff with respect to the condition of the premises. If plaintiff was an invitee as plaintiff contends, defendant would have the duty to keep the premises in a reasonably safe condition and to warn of any hidden defects which defendant in the exercise of reasonable care should have discovered. *Long v. Methodist Home*, 281 N.C. 137, 139, 187 S.E.2d 718, 720 (1972), and *Goldman v. Kossove*, 253 N.C. 370, 373, 117 S.E.2d 35, 37 (1960). If, however, plaintiff was a licensee as defendant contends, defendant would have only the duty to refrain from wilfully or wantonly injuring plaintiff and from doing any act which increased the hazard to him while on the property. *Andrews v. Taylor*, 34 N.C. App. 706, 709, 239 S.E.2d 630, 632 (1977).

Whether a person is an invitee or licensee is determined by the nature of the business that person has on the premises. As stated by our Supreme Court in *Mazzacco v. Purcell*, 303 N.C. 493, 279 S.E.2d 583 (1981).

> A licensee is one who enters on the premises with the possessor's permission, express or implied, *solely for his own purposes* rather than the possessor's benefit. An invitee is a person who goes upon the premises in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E.2d 245 (1979); *Hood v. Coach Co.*, 249 N.C. 534, 107 S.E.2d 154 (1959).

*Id.* at 497, 279 S.E.2d at 586-87 (emphasis in original).

Applying this test to the case at bar, we hold that plaintiff was a licensee. The undisputed evidence is that plaintiff went to the clubhouse in response to a paid political advertisement, not at defendant's invitation; that he went for political reasons; and that he had no interest in defendant's promotional efforts to sell retirement units. Hence, there is no showing of a mutual benefit between plaintiff and defendant. *See Martin v. City of Asheville*, 87 N.C. App. 272, 360 S.E.2d 467 (1987), and *Turpin v. Church*, 20 N.C. App. 580, 202 S.E.2d 351 (1974).

Plaintiff argues that defendant indirectly invited him as a member of the general public and thus indirectly benefited from his presence. In support of his position, plaintiff relies on *Coston v. Hotel*, 231 N.C. 546, 57 S.E.2d 793 (1950). *Coston*, however, is distinguishable from the present case. In *Coston*, plaintiff was in the lobby of defendant hotel to visit a friend. The Court held that plaintiff was an invitee for the reason that she used the "facilities in the hotel that were reasonably within the invitation extended by a place of that kind for the use of the public generally." *Id.* at 547, 57 S.E.2d at 795. In the present case, defendant's clubhouse is located in a private, residential retirement community, and there is no evidence to support a finding that the clubhouse was ever open to the general public without express invitation.

Plaintiff also contends that even if this Court should hold that he is as a matter of law a licensee, he is nevertheless entitled to a trial on the issue of defendant's wilful and wanton negligence. Nothing in the record suggests, however, that defendant engaged in wilful or wanton conduct. Plaintiff's argument that the condition had existed for some time without repair might have bearing if plaintiff were an invitee, which he is not. This Court will not impose on a property owner the same duty owed to a licensee as is owed to an invitee. As to the licensee, the property owner is liable only for wilful or wanton negligence or affirmative or active negligence which increases the hazard to the licensee on the premises. *Briles v. Briles*, 43 N.C. App. 575, 576, 259 S.E.2d 393, 394 (1979), *disc. rev. denied*, 299 N.C. 329, 265 S.E.2d 394 (1980).

Based on the evidence adduced at the summary judgment hearing and applicable law, defendant was entitled to summary judgment. Accordingly, the judgment of the trial court is affirmed.

McINTOSH v. CAREFREE CAROLINA COMMUNITIES

[98 N.C. App. 653 (1990)]

Affirmed.

Judge EAGLES concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the majority's conclusion that the plaintiff was, as a matter of law, a licensee. I believe the defendant's forecast of evidence does support a finding that plaintiff was a licensee, but plaintiff offered evidence supporting a finding that plaintiff was an invitee. This conflict in the evidence cannot support entry of summary judgment.

Regardless of the plaintiff's status when he arrived on the premises, the defendant's forecast of evidence does not forestall the plaintiff from showing that his status of a licensee was converted to that of an invitee as soon as he was exposed to sales staff, signs and other sales materials of Carefree.

> Generally, under the "economic benefit" test, anyone who, while on the premises, engages, with the knowledge or consent of the occupant, or at his request, in some activity which directly or indirectly furthers the occupant's economic interests, gains invitee status as long as he is so engaged, without regard to the status he held at the time of his entry. . . .

62 Am. Jur. 2d *Premises Liability* § 107 (1990); *see Mazzacco v. Purcell*, 303 N.C. 493, 497-98, 279 S.E.2d 583, 587 (1981) (person on premises for benefit of landowner is invitee).

The defendant knowingly engaged or invited the engagement of the plaintiff and others in its business when it communicated sales information to those, including plaintiff, who attended the political rally. The defendant benefited from the prospect of sales to the listeners generally and also specifically to the plaintiff, a person who by his age was a prime prospect. *See* Restatement (Second) of Torts § 332, comment (f) (1965) (benefit to owner may be "indirect and in the future").

Furthermore, assuming the plaintiff is found to be an invitee, I believe the evidence presents genuine issues of material fact on the issues of whether the defendant breached its standard of care and whether the plaintiff was contributorially negligent.

Accordingly, I would vacate the entry of summary judgment for the defendant Carefree and remand for trial. Regarding defendant Thomas, the record reflects that his motion for summary judgment has not been ruled upon by the trial court and thus remains outstanding, and the issues raised in that motion are not before this court.